JOHN COOK, an Infant, by his Guardian *ad litem, vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

## July 21, 1885.

**Master and Servant — Exposing Servant to Danger — Place of Employment.**—The general duty of a master to exercise care to prevent the exposure of his servant to unnecessary and unreasonable risks requires him, among other things, to use reasonable diligence in seeing that the *place* where the service is to be performed is safe for that purpose.

**Same—Duty and Liability of Master.**—The master's duty and liability to his servant extend not only to such unnecessary and unreasonable risks as are in fact known to him, but to such as he ought to have known in the exercise of diligence proportionate to the occasion.

**Same—Extent to Which Servant Assumes Risks of Employment.**—While the servant assumes the ordinary risks of his employment, and, as a general rule, such extraordinary risks as he may knowingly and voluntarily see fit to encounter, he does not stand upon the same footing as the master as respects the matter of care in inspecting and investigating the risks to which he may be exposed. He has a right to presume that the master will do his duty in that respect, so that, when directed by proper authority to perform certain services, or to perform them in a certain place, he will ordinarily be justified in obeying orders without being chargeable with contributory negligence or with the assumption of the risks of so doing. This proposition is, however, subject to the qualification that he must not rashly and deliberately expose himself to unnecessary and unreasonable risks which he knows and appreciates.

**Same—Servant's Knowledge of Defects and of Risks.**—*Russell* v. *Minn. & St. L. Ry. Co.*, 32 Minn. 230, followed as to the distinction between a servant's knowledge of *defects* and his knowledge of *risks*.

**Same—Injury to Servant by Negligence of Another Servant—Master Held Liable.**—It appearing that the work in which plaintiff was engaged when he received the injury complained of was wholly outside of that for which he entered defendant's service, and outside of the line of defendant's usual business, and the entire general charge, superintendence, and direction of it, as in the nature of a distinct department of business, appearing to have been committed to B. and K., at least as far as plaintiff and his co-employes were concerned, B. and K. are to be taken as standing in the shoes of their principal, the defendant, as

respects the place where plaintiff should work, and in sending him to such place of danger, so that their negligence in so doing is the negligence of their principal.

Plaintiff, a boy of 19 years, was employed by defendant about its tracks in St. Paul, in spiking rails and shovelling.   On the night of June 10, 1884, the Union Passenger Depot in that city was partially destroyed by fire.   In the morning of June 11th, by order of one Brennan, the defendant's roadmaster, and of one King, the foreman of the gang in which plaintiff was working, the plaintiff was set to work at removing the ashes and debris in the depot.   After plaintiff had worked on the first floor of the building for several hours, King directed him to go up-stairs, where three other men were working under direction of a foreman, who was not an employe of defendant, and who gave plaintiff a shovel and directed him to shovel ashes. About five minutes afterwards, and while plaintiff was thus engaged, the floor on which he was working gave way, and plaintiff sustained the injuries for which the action is brought.

At the trial in the district court for Ramsey county, before *Brill,* J., the plaintiff had a verdict.   A new trial was refused, and the defendant appealed.

*R. B. Galusha* and *J. Kling,* for appellant, cited *Anderson* v. *Morrison,* 22 Minn. 274; *Hanrathy* v. *Northern Central Ry. Co.,* 46 Md. 280; *Perry* v. *Marsh,* 25 Ala. 659; *Railroad Co.* v. *Fort,* 17 Wall. 553; *Morier* v. *St. Paul, M. & M. Ry. Co.,* 31 Minn. 351; *Brown* v. *Winona & St. Peter R. Co.,* 27 Minn. 162.

*Warren H. Mead* and *T. T. Alexander,* for respondent.

BERRY, J.   The general duty of a master to exercise care to prevent the exposure of his servant to unnecessary and unreasonable risks requires him, among other things, to use reasonable diligence in seeing that the *place* where the service is to be performed is safe for that purpose.   *Noyes* v. *Smith,* 28 Vt. 59; *Hutchinson* v. *Railway Co.,* 5 Exch. 343; *Gibson* v. *Pacific R. Co.,* 46 Mo. 163; *Huddleston* v. *Lowell Machine Shop,* 106 Mass. 282; *Snow* v. *Housatonic R. Co.,* 8 Allen, 441; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 396; *Ryan* v. *Fowler,* 24 N. Y. 410; *Patterson* v. *Pittsburg & C. R. Co.,* 76 Pa. St. 389; *Swoboda* v. *Ward,* 40 Mich. 420.

The master's duty and liability to his servant extend not only to such unnecessary and unreasonable risks as are in fact known to him, but to such as he ought to know in the exercise of proper diligence, *i. e.*, diligence proportionate to the occasion. *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548; *Noyes* v. *Smith*, and *Gibson* v. *Pacific R. Co.*, *supra*. The servant, of course, assumes the ordinary risks of his employment, such as are reasonably necessary and incidental to it, including negligence of fellow-servants; and, as a general rule, he also assumes such extraordinary risks as he may knowingly and voluntarily see fit to encounter. But while he may cut himself off from any recourse against his master if he recklessly rush into danger, he does not stand upon the same footing as his master as respects the matter of care in inspecting and investigating the risks to which he may be exposed. He has a right to presume that the master will do his duty in this respect, and therefore, when directed by proper authority to perform certain services, or to perform them in a certain place, he will ordinarily be justified in obeying orders, without being chargeable with contributory negligence or with the assumption of the risks of so doing. *Russell* v. *Minn. & St. L. Ry. Co.*, 32 Minn. 230; *Hutchinson* v. *Railway Co.*, and *Gibson* v. *Pacific R. Co.*, *supra*. But this proposition is ordinarily subject to the qualification that he must not rashly or deliberately expose himself to unnecessary and unreasonable risks which he knows and appreciates. And here it is important to note a distinction well elucidated in *Russell* v. *Minn. & St. L. Ry. Co.*, *supra*, viz., that it is one thing to be aware of *defects* in the instrumentalities or plan furnished by the master for the performance of his services, and another thing to know or appreciate the *risks* resulting or which may follow from such defects. The mere fact that the servant knows the defects may not charge him with contributory negligence or the assumption of the risks growing out of them. The question is, did he know, or ought he to have known, in the exercise of ordinary common sense and prudence, that the *risks*, and not merely the defects, existed?

The charge of the court in the case at bar is in substantial accord with the views above expressed.

Upon the undisputed facts of the case, the trial court also properly instructed the jury that Brennan and King, under whose orders plaintiff acted, represented the defendant, so that their negligence in sending the plaintiff to the place of danger was the negligence of defendant. The work that plaintiff was engaged in when he was injured was wholly outside of that for which he entered defendant's service, and also outside of the line of defendant's usual business, and the entire general charge, superintendence and direction of it, as in the nature of a distinct department of business, appears to have been committed to Brennan and King, at least so far as the plaintiff and his co-employes were concerned. They are therefore to be taken as standing in the shoes of their principal, as respects the place where plaintiff should work, and in sending him to such place of danger, so that their negligence is the negligence of their principal, the defendant. *Thompson* v. *Chicago, M. & St. P. Ry. Co.*, 14 Fed. Rep. 564.

While we have not overlooked the other matters discussed by counsel, this is all that we deem it necessary to say in this opinion.

Order affirmed.