SADIE PIERCE *vs.* CONTREXVILLE MFG CO.

PROVIDENCE—DECEMBER 19, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Master and Servant. Duty to Provide Safeguards. Statutory Duty.*

Gen. Laws cap. 68, § 6, imposes the duty upon corporations to provide "all belting and gearing" with proper safeguard:—

*Held,* that a declaration that alleged the duty to provide the *shafting and pulleys* with proper safeguard, failed to state a cause of action.

(2)  *Master and Servant. Assumed Risks.*

*Semble,* that a declaration properly setting forth that a belt in a manufactory was not properly guarded, whereby plaintiff's hair was drawn into the pulley and shafting, would state a case.

*Semble,* that it would not follow from the fact that the shafting and pulleys were in close proximity to the machine on which plaintiff was working, and over her head, that she appreciated the danger and assumed the risk. It is not sufficient to be aware of the defects unless the servant appreciates, or should appreciate, the risks resulting from such defects.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

(1)  TILLINGHAST, J. Although the only ground of demurrer

which is interposed to the declaration in this case is that it appears therefrom that the plaintiff assumed the risk of working in close proximity to the shafting and pulleys by which it is alleged that she was injured, yet, as we are of the opinion, from a careful examination of the declaration, that no statutory duty in the premises is charged against the defendant corporation, we deem it proper to call attention to this fact at this stage of the case, and thereby, perhaps, save further trouble and expense to the parties.

The statutory duty of the defendant corporation is that of providing "*all belting and gearing*" with proper safeguard. Gen. Laws R. I. cap. 68, § 6. But the declaration alleges that it was the defendant's duty to provide the *shafting and pulleys* with proper safeguard. As the statute fails to impose such duty upon the defendant, it follows that no cause of action is stated.

We infer from the plaintiff's brief, however, that the accident in question was caused by an unprotected belt drawing the plaintiff's hair into the pulley and shafting.

(2)     If this were so, and it were properly set forth in the declaration that the belt was not properly guarded, and that the accident proceeded from this cause, it would state a case for the determination of the jury.

Assuming that the declaration may be amended so as to show a violation of the statutory duty aforesaid, we will now briefly consider the specific question presented by the demurrer, namely: Whether it appears from the declaration that the plaintiff assumed the risk of being injured by said unguarded machinery.

We do not think it does. It does not necessarily follow from the fact that the shafting and pulleys referred to in the declaration were in close proximity to the machine on which the plaintiff was working, and over her head, as we understand from the declaration, that she knew and appreciated the danger therefrom, and particularly the danger of her hair being caught therein in the manner alleged.

Whether she did, and whether she assumed the risk of working in close proximity to said unguarded machinery, is a mixed

question of law and fact, and hence cannot properly be decided on demurrer.

If the risk of having her hair caught in the manner set out in the declaration was an obvious one, then undoubtedly the plaintiff assumed such risk and has no cause of action. But we cannot say, as matter of law, that mere knowledge on her part that the shafting and pulley were in operation in close proximity to the machine on which she was at work was sufficient to charge her with knowledge that her loose hair was liable to be attracted in that direction and caught in the machinery.

"Mere knowledge of the defect or method," as said by Mr. Bailey in his work on Master's Liability for Injuries to Servants, p. 184, "will not always be sufficient to charge the servant with an assumption of the risk thereof. Such knowledge must convey to a mind like his the danger that may, or is likely to result to him in his employment from the defect or negligent act."

In *Cook* v. *Railway Co.*, 34 Minn. 45, the court say: "It is one thing to be aware of *defects* in the instrumentalities or plan furnished by the master for the performance of his services, and another thing to know or appreciate the *risks* resulting or which may follow from such defects. The mere fact that the servant knows the defects may not charge him with contributory negligence, or the assumption of the risks growing out of them. The question is, did he know, or ought he to have known in the exercise of ordinary common sense and prudence, that the *risks*, and not merely the defects existed." See also *Mayott* v. *Norcross Bros.*, 24 R. I. 187, and *Laporte* v. *Cook*, 21 R. I. 158.

The law relating to assumed risk, as laid down by this court in *McGarr* v. *Worsted Mills*, 22 R. I. 352, was as follows: "Knowledge by the servant of the unsafe condition of appliances which carries, or should carry, to the mind of the servant the danger to which he is exposed is the true test." See also Shearman & Redfield on Neg. 5th ed. section 209.

In Reno's Employers' Liability Acts, 2nd ed. section 243, the author states the same general doctrine in the following lan-

guage: "In order to constitute such an assumption of risk as will prevent a recovery for negligence, it must appear that the employee understood and appreciated the danger to which he was exposed. If this does not appear, this ground is no defence for the employer, either at common law or under the Employers' Liability Acts." The law as thus stated is well sustained by the cases cited by the author in a foot note.

For the reasons thus given we are of the opinion that the specific ground of demurrer is untenable; but as the declaration states no cause of action, for the reason given in the first part of this opinion, the demurrer must be sustained.

Demurrer sustained, and case remanded for further proceedings.

*L. N. Zisman, Daniel Silverstein,* for plaintiff.
*Comstock & Gardner,* for defendant.