## VIRGIL BAUMGARTNER v. ALFRED HOLSLIN.[1]

April 10, 1952.

No. 35,580.

[1]Reported in 52 N. W. (2d) 763.

*Freeman, King, Larson & Peterson,* for appellant.
*O. K. Alger* and *Clayton A. Gay,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff while employed by defendant as a farm laborer on the latter's farm in Stevens county. The jury returned a verdict in plaintiff's favor for $3,500. Defendant appeals from the judgment entered thereon after denial of his motion for judgment notwithstanding the verdict or a new trial.

Defendant's farm comprises 400 acres and has located thereon two 16 x 35-foot standard cement silos used for storing feed. About October 11, 1948, in the course of farming operations, defendant and plaintiff filled one of the described silos with silage to approximately two-thirds of its height. In the evening of October 13, 1948, plaintiff, at the direction of defendant, entered this silo to pitch out a portion of the silage. In doing this work he was required to stand on top of the silage and use a short-handled tine scoop to throw it into the attached chute through an opening two or three feet above.

Shortly after plaintiff. commenced work, as described, defendant, from the ground below, discovered that the silage had stopped coming down the chute. He thereupon climbed up and entered the silo and found plaintiff lying unconscious on top of the silage. He dragged plaintiff from the silage down through the chute to the ground. He then called a doctor and summoned the aid of another employe, who subsequently revived plaintiff. Either while falling after losing consciousness or thereafter while being removed from the silo, plaintiff suffered a blow on his head, which has since

caused him to suffer fainting spells and short periods of unconsciousness.

The evidence establishes that after silage has been stored in a silo it goes through a curing or heating process for a period of eight or nine days, during which time acids present oxidize and give off carbon dioxide gas. This gas, being heavier than air, concentrates at the top of the silage near the closest chute opening. It is plaintiff's contention that at the time of the accident there was sufficient carbon dioxide gas at the top of the silage to deplete the supply of oxygen therein and to cause him to lose consciousness, fall, and suffer the injuries described.

On appeal, defendant asserts that (1) the evidence fails to support a finding of negligence proximately causing plaintiff's injuries; and (2) plaintiff was guilty of contributory negligence and assumed the risk of accident as a matter of law.

■ In addition to the duty of exercising ordinary care for plaintiff at the time of the accident, it was incumbent upon defendant as an employer to exercise reasonable care in furnishing him with a reasonably safe place in which to work. Dushaw v. G. N. Ry. Co. 157 Minn. 171, 195 N. W. 893; Nilsson v. Barnett & Record Co. 123 Minn. 308, 143 N. W. 789.

■ Defendant had had some 30 years' experience in the use and operation of silos. It is clear from the evidence that he must have been aware of the dangers ordinarily surrounding their use, particularly as relates to the formation of carbon dioxide gas therein immediately after storage of fresh silage therein. The record fairly establishes that he did understand this through his past experience, as well as from talks with others in the community and information imparted to him by his son, acquired by the latter through farm publications. It establishes further that, to avoid the necessity of entering the silo during the curing period, his practice in storing silage, departed from on this occasion, was to hold out and store in adjacent wagons sufficient silage for feed until the curing process was completed. On this occasion, however, only two days after the silo had been filled to over two-thirds of its ca-

pacity, and notwithstanding his knowledge of the possibility of the presence of carbon dioxide gas therein, he directed plaintiff to enter it and throw down sufficient silage for feed. This evidence would appear sufficient to sustain the jury's determination that defendant was negligent either in maintaining an unsafe place in which his employe was to work or in directing him to work under conditions known to be perilous. Clark v. Banner Grain Co. 195 Minn. 44, 261 N. W. 596; Dushaw v. G. N. Ry. Co. 157 Minn. 171, 195 N. W. 893; Cook v. St. P. M. & M. Ry. Co. 34 Minn. 45, 24 N. W. 311.

■ It further appears that the evidence is sufficient to sustain a finding that the negligence described was the proximate cause of plaintiff's accident and his subsequent disability. Prior to that time he had enjoyed normal health and had made no complaints to his family physician or to anyone else of attacks or seizures of any kind. After the accident he discovered two bumps on his head and other minor bruises. Since the accident he has had severe headaches and periodic fainting spells and losses of consciousness.

Medical experts testified that the presence of carbon dioxide gas above the silage was the probable cause of his losing consciousness and falling while working in the silo; that after the accident they found him suffering from a mild form of epilepsy, known as petit mal; that this condition might well have resulted from the blow he received on his head when he lost consciousness or was removed from the silo; and that either the blow on his head or the attack and loss of consciousness by reason of the lack of oxygen could have brought about the subsequent disability described. His family physician testified that prior to the accident plaintiff was normal in every respect. Such testimony when viewed in the light most favorable to plaintiff appears sufficient to establish, as the jury determined, that defendant's negligence, as described above, was the proximate cause of plaintiff's injuries. Vorlicky v. Metropolitan L. Ins. Co. 206 Minn. 34, 287 N. W. 109; Rochester Bread Co. v. Rapinwax Paper Co. 193 Minn. 244, 258 N. W. 302; 1 Dunnell, Dig. § 415.

■ The trial court submitted to the jury the issue of plaintiff's contributory negligence and his assumption of risk. In its verdict the jury determined that no fault rested upon plaintiff in either respect. We believe these issues were properly for the jury, and that its findings thereon are sustained by the evidence.

At the time of the accident plaintiff was 24 years of age and had no prior experience in the operation of silos. He had assisted defendant in storing operations the year before, but then sufficient silage had been stored in adjacent wagons to avoid the necessity of entering the silo during the curing period. On the day of the accident he had inquired of defendant whether it was safe to carry out the latter's instructions in removing the silage so soon after its storage. Defendant assured him that no particular danger was involved, and, after receiving this assurance, he engaged in the described work. In Dimetre v. Red Wing Sewer Pipe Co. 127 Minn. 132, 135, 148 N. W. 1078, 1079, we stated:

"Where the master directs the servant to perform specific work at a specific place and assures him that he can do so in safety, and the servant, pursuant to such order and in reliance upon such assurance, proceeds to do the work and is injured, his conduct does not, ordinarily, amount either to contributory negligence or to a voluntary assumption of the risks incident to the performance of the work. The servant is usually justified in assuming that the knowledge, experience and judgment of the master are superior to his own; and, even if the undertaking appear to him to be hazardous, he may rely upon the assurances of the master, presumably based upon such superior knowledge, without being chargeable either with contributory negligence or with a voluntary assumption of the risks, unless the danger be so obvious and imminent and so apparent to the ordinary mind that it would be unreasonable to rely upon the master's assurances of safety."

See, also, James v. C. St. P. M. & O. Ry. Co. 218 Minn. 333, 16 N. W. (2d) 188.

The facts set forth amply support a finding that plaintiff was justified in assuming that the knowledge and experience of defendant were superior to his own and in placing his reliance thereon. The danger was not so imminent and apparent that it could be held as a matter of law that he was unreasonable in proceeding to carry out the orders of his employer after being assured by the latter that there was no particular danger or risk in doing so. This being true, under the authorities cited, the issue of his contributory negligence and assumption of risk were properly for the jury. Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 31 N. W. (2d) 332.

Affirmed.

[1]Reported in 52 N. W. (2d) 762.