Marie L. **HILL**, a widow, Plaintiff(s),

v.

UNITED STATES FIDELITY & GUARANTY CO., a corporation, Defendant.

No. 67–346–Civ–J.

United States District Court
M. D. Florida,
Jacksonville Division.

Sept. 12, 1967.

Jack F. Wayman, Mark Hulsey, Jr., Nathan Bedell, Jacksonville, Fla., Lokey & Bowden, Atlanta, Ga., for plaintiff.

Charles Cook Howell, Jr., Jacksonville, Fla., for defendant.

SCOTT, District Judge.

### ORDER

This is one of forty-four civil jury cases pending in this Court arising out of the Hotel Roosevelt fire in Jacksonville, Florida, on December 29, 1963, resulting in a number of deaths and personal injuries. All of the suits have been brought against the United States Fidelity & Guaranty Company, as sole defendant, and have either been removed from the Circuit Court of Duval County, Florida, to this Court by reason of diversity, or brought directly here for the same reason.

The attorneys for all of the plaintiffs have filed a uniform complaint or a uniform amended complaint in each of the cases, which complaints are identical except for the names of the parties plaintiff and the allegations as to the damages claimed. A motion to dismiss the complaints for failure to state a claim upon which relief can be granted has been filed in each of the cases and thoroughly briefed and orally argued. The same questions as to legal liability of the defendant to the various plaintiffs are presented in all of the cases. These suits *are not* brought for breach of the insurance policies issued by defendant to the hotel company which are referred to in the complaints. Here the complaints specifically allege that the defendant insurance company "made periodic safety engineering inspections of the hotel premises to detect conditions hazardous to persons occupying and using the hotel premises", and "negligently performed such inspections in failing to detect such conditions and in failing to report to the hotel company that such conditions rendered the hotel unsafe for housing guests".

The questions of Florida law presented as to the legal liability of the insurance company by its motions to dismiss have not been passed upon or decided in any reported decision of the Supreme Court of Florida or the District Courts of Appeal of Florida as far as is known to this Court.

This Court has carefully considered the arguments of counsel and the briefs, and especially the decisions of the Appellate Court of Illinois, 39 Ill.App.2d 73, 187 N.E.2d 425, and the Supreme Court of Illinois, 31 Ill.2d 69, 199 N.E.2d 769, in Nelson v. Union Wire Rope Corporation, et al., and the citation of authorities contained therein. The *Nelson* case involved personal injuries and deaths arising out of the construction of the Duval County Court House in Jacksonville, Florida, in 1957, as the result of a fall of an elevator hoist carrying employees of the contractors.

This Court is of the opinion that the Supreme Court of Florida would probably follow the well reasoned opinion of the Appellate Court of Illinois in the *Nelson* case if the present cases were presented to them for decision, rather than the opinion of the Supreme Court of Illinois in the *Nelson* case, where three Judges dissented.

The Appellate Court of Illinois, in holding that there was no liability on the insurance company in the *Nelson* case, said, 39 Ill.App.2d 73, 187 N.E.2d Text 449:

"We come, therefore, to the question as to whether nonfeasance in connection with a gratuitous undertaking can give rise to liability unless it be shown that the intended beneficiaries of the undertaking had relied upon its performance. We believe it cannot, because under those circumstances reliance lies at the very heart of the cause of action".

Neither the uniform complaint nor the uniform amended complaint in each of these cases contain any allegation whatsoever that the plaintiffs relied for their safety on the gratuitous inspections alleged to have been made negligently by defendant's omission or failure to properly inspect the hotel premises for hazards to guests. The plaintiffs have, therefore, failed to show the breach of any legal duty owed by defendant to them.

Accordingly, this Court holds that the complaints in each of these cases wholly

and completely fail to state a cause of action upon which relief can be granted, and the motions to dismiss the complaints in each of these cases are granted, with leave to the plaintiffs to amend the complaints as advised within 30 days from the date of this order.