**Lewyelln MODJESKI, as trustee for the next of kin of George Modjeski, deceased, Plaintiff,**

v.

**ATWELL, VOGEL & STERLING, INC., a Delaware corporation, and Employers Insurance of Wausau, a Wisconsin corporation, Defendants.**

**No. 4–69–Civ. 81.**

United States District Court, D. Minnesota, Fourth Division.

Oct. 17, 1969.

---

8. Conn.Gen.Stat. § 10–184.

John F. Eisberg and Robins, Davis & Lyons, St. Paul, Minn., for plaintiff.

Richard P. Mahoney and Mahoney & Mahoney, Minneapolis, Minn., for defendant, Employers Ins. of Wausau.

John R. O'Brien and Jardine, Logan & O'Brien, St. Paul, Minn., for defendant, Atwell, Vogel & Sterling, Inc.

## ORDER

LARSON, District Judge.

Plaintiff brings this action to recover damages for the wrongful death of the decedent George Modjeski. On August 12, 1968, while in the course and scope of his employment with Federal Bakery of Winona, Inc. (Federal), decedent was struck on the head by a descending freight elevator. This blow was apparently the proximate cause of death. The elevator in question was equipped with electrical-mechanical interlocks which, if properly functioning, would make it impossible to open any door to the elevator shaft unless the elevator platform was in the proper position on the other side of the door. For purposes of this motion it may be assumed that these interlocks were not functioning properly at the time of the accident.

At the time of Modjeski's death, the defendant Employers Mutual Liability Insurance Company of Wisconsin (Employers) was the liability and compensation insurer of Federal. The compensation and liability policy in effect contained the following:

"4. INSPECTION AND AUDIT. The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe."

A combination casualty policy issued to Federal by Employers contained this provision:

"2. INSPECTION AND AUDIT. The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe."

There were no other agreements or contracts between Employers and Federal regarding the inspection of the premises or, more particularly, of the elevator.

Employers hired defendant Atwell, Vogel & Sterling, Inc. (AVS) to inspect the freight elevator pursuant to the policy provisions. Inspections were performed by AVS for Employers on May 18, 1966, May 17, 1967, and June 18, 1968. Following the latter inspection, some two months before the accident, AVS reported to Employers that "No unusual conditions were noted at this time. No recommendations." Employers in turn reported to Federal that the elevator was in proper working order. Plaintiff claims that Employers' decision to inspect gave rise to a non-delegable duty to use care either in inspecting itself or in having that inspection made, and that Employers was negligent in hiring AVS as its agent to inspect and examine the elevator. The complaint also alleges neg-

ligence on the part of AVS in conducting the inspection. Employers has moved for summary judgment.

The Court is asked to determine if the insurance company operating as the employer's workmen's compensation carrier can be a third party tort-feasor within the meaning of M.S.A. § 176.061 et seq. This issue has not been decided by the Minnesota Supreme Court, although an appeal involving this question has been filed in Sexton v. Employers Insurance of Wausau (Ramsey County, 2nd Judicial District #355000, May 9, 1969). In *Sexton,* Judge John W. Graff granted summary judgment for the compensation carrier.

The Court's task is not made easier by the language used by the Minnesota Legislature in Chapter 176. The Minnesota Workmen's Compensation Act created new substantive rights and fundamentally changed the common law obligations of employers to their employees. Fehland v. City of St. Paul, 215 Minn. 94, 9 N.W.2d 349 (1943). The Act provides that an employee injured on the job will receive a scheduled amount for his injury regardless of whether his employer negligently caused the accident. M.S.A. § 176.021(1). In consideration for this guaranteed compensation the employee surrenders his common law right to sue his employer for damages. In return for this limited liability, the employer gives up his common law defenses. M.S.A. § 176.031. The fault principle is still applicable and the employee is not limited to workmen's compensation payments against persons "other than the employer." M.S.A. § 176.061, Subd. 1. Against such tort-feasors the employee retains his common law rights.

The word "insurer" does not appear in M.S.A. § 176.061. Chapter 176—the Workmen's Compensation Act—does not define persons "other than the employer." In at least one section of the Act the Legislature has specifically said that use of employer shall include the insurer.[1] With other parts of the Act the Courts have had little difficulty in equating the employer with the insurer despite the absence of specific statutory language to that effect.[2] In yet a third variation the Legislature has said the insurer may assume the duties of the employer under the Act even where the insurer is not specifically referred to or named.[3]

A key in interpreting the issue here is found in examination of certain provisions of Chapter 176. M.S.A. § 176.185 provides in part as follows:

"176.185  *Policy of insurance*

\*    \*    \*    \*    \*    \*

Subd. 2.  *Conditions.* A policy of insurance covering the liability to pay

1. "Section 176.131. *Subsequent disability, special fund*

\*    \*    \*    \*    \*

Subd. 8. As used in this section the following terms have the meanings given them:

\*    \*    \*    \*    \*

'Employer' includes insurer; \* \* \*."

2. The insurer has been equated with the employer in cases involving subrogation rights under the Workmen's Compensation Act. Thus it is the insurer who has paid a claim who has the subrogation right to maintain an action against a negligent third party tort-feasor even though M.S.A. § 176.061, Subd. 3, does not include the word "insurer." City of Red Wing v. Eichinger, 163 Minn. 54, 203 N.W. 622 (1925); Thibault v. Bostrom, 270 Minn. 511, 134 N.W.2d 308 (1965); Lang v. Williams Brothers Boiler &

Manufacturing Co., 250 Minn. 521, 85 N.W.2d 412 (1957); Wandersee v. Brellenthin Chevrolet Co., 258 Minn. 19, 102 N.W.2d 514 (1960). Similarly, under M.S.A. § 176.66, Subd. 5, the insurer may demand apportionment from insurers of former employers for an employee's occupational disease. Meyer v. A. B. McMahan Company, 269 Minn. 73, 130 N.W.2d 46 (1964).

3. "§ 176.253 *Insurer, employer; performance of acts*
Where this chapter requires an employer to perform an act, the insurer of the employer may perform that act. Where the insurer acts in behalf of the employer, the employer is responsible for the authorized acts of the insurer and for any delay, failure, or refusal of the insurer to perform the act."

compensation under this chapter written by any insurer licensed to insure such liability in this state shall in every case be subject to the conditions of this section hereinafter named.

Subd. 3. *Provision for benefits conferred by this chapter.* Where the employer's risk is carried by an insurer the insurance policy shall provide compensation for injury or death in accordance with the full benefits conferred by this chapter.

Subd. 4. *Compulsory provisions.* Every insurance policy which insures the payment of compensation shall contain provisions declaring the following:

(1) Notice to or knowledge by the employer is notice to or knowledge by the insurer.

(2) Jurisdiction of the employer for any purpose is jurisdiction of the insurer.

(3) The insurer is bound by an award rendered against the employer.

(4) The employe has an equitable lien upon any amount which the insurer owes under the policy to the employer. Where the employer is legally incapacitated or otherwise unable to receive this amount and pay it over to the employe or his dependent, the insurer will pay the amount directly to the employe or his dependent. This payment by the insurer directly to the employe or his dependent discharges the obligation of the insurer to the employe, and the obligations of the insurer and the employer to the employe or his dependent.

(5) The insolvency or bankruptcy of the employer does not relieve the insurer from its obligation to pay compensation.

\* \* \* \* \* \*

Subd. 8. *Insurer insolvent or bankrupt.* Where the insurer has become insolvent or a bankrupt, the employer is not released from liability under this chapter. Where an employe has secured a return of execution upon a judgment against an insurer which is unsatisfied in whole or part, the return is conclusive evidence of the insolvency of the insurer.

Where the insurer is insolvent, or has been adjudged insolvent, or has become or adjudged a bankrupt, the employe may either bring an action directly against the employer, or against the employer and insurer as jointly and severally liable, or, where proceedings are pending against the insurer, compel the joinder of the employer in those proceedings at any time after the insurer has been found insolvent or a bankrupt." [4]

There is within the statute a clear pattern to create an inseparable identity between the employer and his insurer insofar as compensation and medical benefits for the injured employee are concerned. Under a similar Workmen's Compensation Act the Superior Court of Connecticut said:

" \* \* \* the status of the insurer is that of the employer once the employer-employee relationship comes into existence. There appears, as a result, the blending of the jural personalities of the employer and his insurer and a conclusive indication that the legislature did not intend to differentiate between the employer and the insurer so far as obligations relative to compensation benefits are concerned. [Citations omitted.] The imposing of these duties upon the insurer by this merger of identities carries with it the corresponding right of the insurer to be accorded a right similar to that of the employer, i. e., immunity from a common-law negligence action. [Citations omitted.] Barrette v. Travelers Insurance Company, 28 Conn.Super. 1, 246 A.2d 102, at p. 105.

The duty alleged to have been violated here is one that is required of the em-

4. See also, M.S.A. §§ 176.081, 176.221, 176.225, 176.191, 176.195, 176.201, and 176.221.

ployer—providing a safe place to work. M.S.A. § 182.01; Baumgartner v. Hols-lin, 236 Minn. 325, 52 N.W.2d 763 (1952). Even given its most liberal reading the complaint does not allege a violation of any additional duty owed by the insurer to the employee. The type of accident involved here is within the purview of the Workmen's Compensation Act, while the relief sought is beyond that antici-pated by the Act.

Counsel have urged various policy rea-sons as to why a particular result should be reached. The most persuasive rea-sons follow the result urged by Employ-ers. Private insurance carriers would likely abandon all safety programs since instead of cutting costs by cutting acci-dents they would merely increase the scope of the carrier's liability:

> "Today many insurance carriers un-dertake such safety programs in the factories and business places of em-ployers whom they insure. Admitted-ly, these programs are not motivated by an altruistic feeling toward work-ers, since it is to the financial advan-tage of the insurance carrier to reduce accidents and safety programs reduce accidents. Nevertheless, although the insurance carriers are attempting to save money, the safety programs they institute directly benefit the workers. Under the appellant's position, if an insurance carrier is negligent in insti-tuting a safety program, it is liable to an employee injured as a result. Since the insurance carrier is not required by law to carry on these safety pro-grams, the end result of the appel-lant's argument seems assured—insur-ance carriers will specifically absolve themselves from undertaking such safety programs. * * *" Brown v. Travelers Insurance Company, 434 Pa. 507, 254 A.2d 27, at p. 30 (1969).

It is also likely that the result urged by Modjeski could lead to a breakdown in certain aspects of the administration of the Workmen's Compensation Act. In-surance carriers, knowing they could be held liable, would be less inclined to full disclosure of facts and circumstances of injury at the informal conferences that are a part of the practice under the Act. The result would be to defeat the speedy and efficient settlement of the em-ployee's claims. See Barrette v. Travel-ers Insurance Company, *supra*, 246 A.2d at pp. 105–106.

The Court is aware that in recent years a great many courts [5] and legisla-

---

5. The majority of courts which have con-sidered this question have held that the insurer enjoys the same benefits and bur-dens as the employer and have denied re-covery in a common law action against the insurer. The list, with the Act inter-preted in parenthesis, includes:

Horne v. Security Mut. Cas. Co., 265 F. Supp. 379 (E.D.Ark.1967) (Arkansas)
State Compensation Insurance Fund v. Superior Court, 46 Cal.Rptr. 891, 237 Cal.App.2d 416 (1965) (California)
Sarber v. Aetna Life Ins. Co., 23 F.2d 434 (9th Cir. 1928), cert. den. 277 U.S. 577, 48 S.Ct. 561, 72 L.Ed. 996 (1928) (California)
Bartolotta v. United States, 276 F Supp. 66 (D.C.Conn.1967), aff'd Bar-tolotta v. Liberty Mutual Insurance Company, 411 F.2d 115 (2d Cir. 1969) (Connecticut)
Barrette v. Travelers Insurance Co., 28 Conn.Super. 1, 246 A.2d 102 (1968) (Connecticut) (Cited with approval in Bartolotta v. Liberty Mutual Insur-ance Company, 411 F.2d 115, 118 (2nd Cir. 1969)

Hill v. United States Fidelity & Guar. Co., 272 F.Supp. 569 (M.D.Fla.1967) (Florida)
Schulz v. Standard Acc. Ins. Co., 125 F. Supp. 411 (D.C.Wash.1954) (Idaho)
Donohue v. Maryland Cas. Co., 363 F. 2d 442 (4th Cir. 1966) (Maryland)
Flood v. Merchants Mut. Ins. Co., 230 Md. 373, 187 A.2d 320 (1963) (Mary-land)
Matthews v. Liberty Mutual Insurance Company, 354 Mass. 470, 238 N.E.2d 348 (1968) (Massachusetts)
Kotarski v. Aetna Cas. & Sur. Co., 244 F.Supp. 547 (D.C.Mich.1965), aff'd at 372 F.2d 95 (6th Cir. 1967) (Michigan)
West v. Atlas Chem. Indus. Inc., 264 F.Supp. 697 (D.C.Mo.1966) (Missouri)
Hughes v. Maryland Cas. Co., 229 Mo. App. 472, 76 S.W.2d 1101 (1934) (Mis-souri)
Brown v. Travelers Insurance Compa-ny, 434 Pa. 507, 254 A.2d 27 (1969) (Pennsylvania)
DeJesus v. Liberty Mutual Ins. Co., 423 Pa. 198, 223 A.2d 849 (1968) (Pennsylvania)

tures [6] have considered this issue. While these cases involve different situations and different statutes, the overall weight of opinion is against subjecting the insurance carrier to third party liability. In addition, this Court has before it the able reasoning of Judge Graff in *Sexton* as to why the result in *Ray* and *Fabricius* cannot be reconciled with the Minnesota law:

"If the Minnesota courts were to follow the minority view, a wholly unintended result would ensue. Under the Minnesota act the employer is liable without fault but is immune from common law action. On the other hand, a 'person other than the employer' is liable to the employee only if at fault and has available to him all common law defenses. The scheme of the compensation act is reciprocity. As long as the employer is stripped of his common law defenses and is liable without fault, he is subject only to exclusive statutory liability. A third person, other than the employer's compensation insurer, is subject to no burdens of the act and consequently, under the scheme of reciprocity, is entitled to no benefits of the act.

"But, under the minority view, the insurance carrier is subject to all the burdens of the act but is granted none of its benefits. The principle of reciprocity is violated. When an insurer inspects its insured's operations, even though it uses reasonable care, it is liable to pay statutory compensation to the employee injured by defects that reasonable inspection could not have detected. The insurer, as is the employer, is, therefore, liable without fault. If the employer hired an independent inspector, that inspector, unlike the employer's compensation insurer, would be a stranger to the compensation act and would incur no liability unless he were at fault. If the employer is self-insured, as he may be under Section 176.181 of the Minnesota Act, he would not be liable in a common law action for any inspection he conducted as a self-insurer because the employer's liability under the act is exclusive.

"On the contrary, the minority view imposes on the compensation insurer

Mustapha v. Liberty Mut. Ins. Co., 268 F.Supp. 890 (D.C.R.I.1967), *aff'd* at 387 F.2d 631 (1st Cir. 1967) (Rhode Island)

Williams v. United States Fid. & Guar. Co., 358 F.2d 799 (4th Cir. 1966) (Virginia)

Kerner v. Employers Mutual Liability Ins. Co. of Wisconsin, 35 Wis.2d 391, 151 N.W.2d 72 (1967) (Wisconsin)

The following cases have held to the contrary:

Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (1964) (Florida)

Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A. L.R.2d 591 (1963) (Iowa)

Ray v. Transamerica, 10 Mich.App. 55, 158 N.W.2d 786 (1968) (Michigan)

Smith v. American Employers Ins. Co., 102 N.H. 530, 163 A.2d 564 (1960) (New Hampshire)

Mager v. United Hospitals of Newark, 88 N.J.Super. 421, 212 A.2d 664 (1965) (New Jersey)

Mays v. Liberty Mut. Ins. Co., 323 F.2d 174 (3rd Cir. 1963) (Pennsylvania)

Of the cases cited in the majority, *Kotarski* has been specifically overruled in *Ray*. Of the cases in the minority, *Mays* has been specifically overruled by *Brown*. The result in *Nelson* was specifically rejected in *Hill*. In addition, the results reached in *Smith*, *Fabricius* and *Mays* have been specifically abrogated by the respective State legislatures. See fn. 6.

6. There are nine States with statutes specifically barring this type of action against the compensation insurer:
   N.H.Rev.Stat.Ann. § 281.2 (1966)
   6 Iowa Code Ann. § 88A.14
   Pa.Stat.Ann. Tit. 77, § 501 (Supp. 1967)
   8 Ind.Stat.Ann. § 40–1205
   3A Neb.Rev.Stat. § 48–111
   9 N.M.Stat.Ann. § 59–10–4, Subd. F
   5 Ore.Rev.Stat. § 656.018(3)
   Tex.Civ.Stat.Ann. art. 8306 § 3
   Wis.Stat.Ann. § 102.03(2).
   No State statute specifically allows common law suit against the compensation carrier.

statutory liability without regard to fault as well as additional common law liability if the insurer has been negligent. No other party under the act is subject to such expanded and extensive liability. Either the liability is statutory or at common law, but nowhere does the Minnesota act expressly impose both liabilities on the same person. Neither may such double liability be implied from the act, for such liability undermines the act's basic theory of reciprocity, and, consequently, the Minnesota Legislature could not have intended to isolate the compensation insurer in a special, extremely disadvantageous category, unless it had done so expressly. Similarly, if the Minnesota Legislature had desired such special treatment of the insurer, it would have done so in clear and unambiguous terms and not left such a drastic result to implication." Sexton v. Employers Insurance of Wausau, *supra*, at pp. 8, 9.

The Court therefore concludes that under M.S.A. § 176.061, Employers cannot be a third party tort-feasor. Employers' motion for summary judgment must be granted.

The Court expressly declines to rule on whether as a matter of law the inspections made created an obligation to Modjeski on the part of Employers. It may be noted that some courts have expressly refused to entertain similar claims. Gerace v. Liberty Mutual Insurance Co., 264 F.Supp. 95 (D.D.C. 1966); Thompson v. National Press Corporation, 264 F.Supp. 668 (D.D.C.1966). Those few courts which have permitted suit have done so while casting a heavy burden of proof on plaintiffs. See Clark v. Employers Mutuals of Wausau, 297 F.Supp. 286 (D.C.Pa.1969); Evans v. Liberty Mutual Insurance Company, 398 F.2d 665 (3rd Cir. 1968); DeJesus v. Liberty Mutual Insurance Company, 423 Pa. 198, 223 A.2d 849 (1968); Brown v. Travelers Insurance Company, 434 Pa. 507, 254 A.2d 27 (1969).