■ GARY HULL et al., Respondents, v AURORA CORPORATION OF ILLINOIS, Doing Business as PRECISION CASTINGS COMPANY, et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Stone, J.), entered October 15, 1981 in Madison County, which denied a motion by defendants Aurora Corporation of Illinois, doing business as Precision Castings Company, Aurora Corporation of Illinois and Allied Products Corporation for summary judgment dismissing the complaint. Plaintiff Gary Hull suffered a severe arm injury while operating a casting machine for his employer, defendant F & R Die Castings Company, Inc., in July of 1978. The plant and machinery of F & R Die Castings had been acquired from defendant Aurora Corporation of Illinois in 1976. Hull had worked for Aurora at the same plant prior to its 1976 transfer to F & R Die Castings. A personal injury action based on negligence, breach of warranty and strict liability was subsequently commenced against F & R Die Castings, Aurora, several related business entities and the unnamed manufacturer of the allegedly unsafe equipment which caused the accident. Following a successful motion for summary judgment by F & R Die Castings based on the exclusivity provisions of section 11 of the Workers' Compensation Law, Aurora Corporation of Illinois and its related entities moved for summary judgment on the same grounds. The motion was denied by Special Term and this appeal ensued. The basis for the action against Aurora is plaintiff's theory that Aurora may have succeeded to the liabilities of Precision Castings Company, an extinct corporation which is alleged to have at least partially manufactured the defective machine. In view of the Court of Appeals recent decision in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152), wherein it was held that an employer who independently assumed the obligations and liabilities of a third-party tort-feasor could not

avail itself of the exclusivity provisions of the Workers' Compensation Law, it is our view that Special Term correctly denied the motion for summary relief dismissing the complaint against Aurora. Unlike the moving party in *Billy* (*supra*), which was the injured worker's employer at the time of the accident, the moving parties in the case at bar were *prior* employers of plaintiff. Since there is no evidence suggesting that plaintiff's employment with F & R Die Castings is, in reality, an extension of his previous employment with Aurora, we do not see how Aurora can attempt to use section 11 of the Workers' Compensation Law as a defense since plaintiff's injury did not arise "out of and in the course of" his employment with Aurora (Workers' Compensation Law, § 10). In this common-law action brought for injuries sustained in 1978, Aurora and its related business entities stand as third parties rather than employers in relation to plaintiff and thus cannot use the fortuity of a prior employment relationship as the basis for invoking section 11 as a defense (see *Billy v Consolidated Mach. Tool Corp., supra*, p 161). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.