This case involves the administration of an estate.
The sole issue is whether a widow, who at the time of her husband's death was disqualified from being appointed as administratrix of his estate because of her age, can be appointed a co-administrator after her disability of non-age is removed. We hold that she cannot, and we grant the petition for mandamus filed by the administrator initially appointed.
On September 4, 1982, Calvin Jerome Holladay was shot to death by a Gadsden police officer. He died intestate, survived by his wife, Teresa Holladay Farmer,[1] and a minor child. At the time of her husband's death, Teresa was only 16 years of age. Teresa and her father retained the services of an attorney for the purpose of having Teresa named as administratrix of Calvin Jerome's estate, so that she could pursue a wrongful death action against the city. The attorney informed Teresa that, because she was a minor, she could not serve as administratrix alone, but would have to serve as co-administrator with her deceased husband's father, Amon F. Holladay. Teresa agreed to this arrangement; however, she was, in fact, never appointed as co-administrator. Instead, letters of administration were issued by the Probate Court of Etowah County on September 10, 1982, naming Amon F. Holladay as sole administrator of the estate. Amon F. Holladay subsequently filed a wrongful death action on behalf of his son's estate and entered into two years of settlement negotiations with the city, but no settlement was ever reached.
On October 16, 1983, Teresa reached eighteen years of age and on February 4, 1984, she remarried. Sometime thereafter, in April or May of 1984, Teresa discovered that she had not been named as co-administrator of Calvin Jerome's estate and that her former father-in-law was actually the sole administrator. As a result, Teresa filed a petition in the Probate Court of Etowah County seeking to have Amon F. *Page 958 
Holladay removed as administrator and to have herself appointed to succeed him. The petition alleged that Teresa had reached the age of eighteen and thus was qualified to serve as administratrix.
A hearing was held on the petition before the probate court, during which Teresa argued that she was no longer disqualified from serving as administratrix because of non-age, and was, therefore, entitled to be appointed to administer the estate. After hearing all evidence, including testimony that the estate was devoid of all assets except for the anticipated recovery under the pending wrongful death suit, that Teresa had no complaints with the way Amon F. Holladay had been administering the estate, and that Teresa did not contend that Amon F. Holladay should be removed as administrator for any of the reasons listed in Code 1975, § 43-2-290, the probate court entered an order specifically finding no grounds for removal of Amon F. Holladay. Nevertheless, the court ordered that Teresa and Amon F. Holladay serve as co-administrators. Thereafter, the probate court issued supplemental letters of administration naming Teresa co-administrator, apparently in reliance upon the provisions of Code 1975, § 43-2-24. Both Teresa and Amon F. Holladay filed petitions for writ of mandamus with this Court, seeking to be named sole administrator of the estate. These petitions were consolidated here.
Insofar as we are aware, this is a case of first impression in this state. Code 1975, §§ 43-2-42, 43-2-22, 30-4-15, and43-2-24 provide, in pertinent part:
§ 43-2-42:
 "(a) Administration of an intestate's estate must be granted to some one of the persons herein named if willing to accept and satisfactory to serve in the following order:
"(1) The husband or widow.
 "(2) The next of kin entitled to share in the distribution of the estate.
 "(3) The largest creditor of the estate residing in this state.
 "(4) Such other person as the judge of probate may appoint."
§ 43-2-22:
 "(a) No person must be deemed a fit person to serve as executor who is under the age of 19 years, or who has been convicted of an infamous crime, or who, from intemperance, improvidence or want of understanding, is incompetent to discharge the duties of the trust. Nor shall any nonresident of the state be appointed as administrator unless he is at the time executor or administrator of the same estate in some other state or territory or jurisdiction, duly qualified under the laws of that jurisdiction."[2]
§ 30-4-15:
 "The marriage of any woman in this state who is under 19 and over 18 years of age, or the widowhood of any woman in this state who is under 19 and over 18 years of age, or the arrival at the age of 18 years of any married woman or widow in this state, has the effect immediately to remove her or their disabilities of minority; and thereafter she has the same legal rights and abilities as married women or widows over 19 years of age."
§ 43-2-24:
 "If the disability of a person under age or of a married woman named as executor in any will is removed before the administration of such will is completed, such person is entitled to supplementary letters testamentary, to be issued in the same manner as original letters, and shall thereupon be authorized to join in the execution of such will with the persons previously appointed."
Neither party disputes the fact that these statutes operated to prohibit Teresa from personally serving as administratrix until her eighteenth birthday. Teresa, however, argues in her petition for mandamus that, because § 43-2-42 gives a widow first priority to administer her husband's estate, she should have been appointed to serve as administratrix through her next *Page 959 
friend or guardian. In the alternative, she argues that, even if she could not have served as administratrix through her next friend, as soon as she reached eighteen she was entitled to have Amon F. Holladay removed and to have herself appointed as sole administratrix.
In his petition, Amon F. Holladay argues that at the time of his son's death, he was the first person listed in § 43-2-42
qualified to serve as administrator, that, as a result, he was properly appointed as administrator, and that he can only be removed as administrator for cause, pursuant to § 43-2-290. That section provides, in pertinent part:
 "An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:
 "(1) Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.
 "(2) Failure to make and return inventories or accounts of sale; failure to make settlements as required by law; or the failure to do any act as such executor or administrator, when lawfully required by the judge of probate.
 "(3) The wasting, embezzlement or any other maladministration of the estate.
 "(4) The using of any of the funds of the estate for his own benefit.
 "(5) A sentence of imprisonment in the penitentiary, county jail or for hard labor for the county for a term of 12 months or more."
Amon F. Holladay contends that since none of these causes for removal were proved or even alleged, he cannot be removed simply to allow his son's widow to take his place. He further contends that the probate court had no authority to appoint Teresa as co-administrator.
Teresa answers his petition by asserting that even if she is not entitled to be appointed sole administratrix, she is entitled to remain as co-administrator. In support of this assertion, she argues that probate judges have broad discretionary powers to appoint administrators, including the power to appoint joint administrators pursuant to Code 1975, §43-2-44. She further argues that by enacting Code 1975, §43-2-24, which provides for the issuance of supplemental letters testamentary in situations where the disqualification of non-age is removed from a minor who was named in a will as executor of an estate, the legislature intended to provide for the issuance of supplemental letters of administration in situations like the present one.
Although, as Teresa points out, probate judges are vested with wide discretion in regard to appointment of administrators, that discretion is not unlimited. While §43-2-44 does provide for the appointment of co-administrators, that provision only applies where several persons of the same degree of kindred to the intestate are equally entitled to share in his estate and, thus, equally entitled to serve as administrator. Such is not the case here.
In fact, neither § 43-2-44 nor any other statute provides for the present situation. We are unaware of any authority in Alabama under which the probate court could have named Teresa as administratrix through her guardian or next friend, prior to her eighteenth birthday. The legislature could have so provided in § 43-2-42, but it did not. In any event, the issue before us is not whether the probate court should have initially appointed Teresa; because she has now reached eighteen and is qualified to serve. The real issue is whether, after appointing Amon F. Holladay as administrator, the probate court had the authority to remove him and appoint Teresa in his place or to appoint Teresa to serve as co-administrator with him. We hold the court had no such authority.
Alabama law provides for the removal of an administrator only upon proof of one or more of those grounds for removal *Page 960 
stated in § 43-2-290. Binford v. Penny, 255 Ala. 20,49 So.2d 665 (1950). Therefore, once he was appointed, Amon F. Holladay could have been removed as administrator only if it were proven that he was an imbecile, had failed to keep inventories or accounts of estate property, had wasted, embezzled or maladministered the estate, used estate funds for his own benefit, or been sentenced to prison. Not only were none of these grounds for removal proved, but, by Teresa Farmer's own admission, they were not even alleged. Consequently, the probate court was correct in holding that there was no basis for Amon F. Holladay's removal.
In order for mandamus to lie, the petitioner must prove that he or she has a clear legal right to the order sought, that the respondent has an imperative duty to perform but has refused to do so, that there is no other adequate remedy, and that the jurisdiction of the court has been properly invoked. Martin v.Loeb Co., 349 So.2d 9 (Ala. 1977). Having failed to prove any of the grounds mentioned in § 43-2-290, Teresa Farmer has failed to prove that she is clearly and legally entitled to have Amon F. Holladay removed as administrator. Therefore, she is not entitled to have the writ of mandamus issue. On the other hand, Amon F. Holladay is entitled to the writ of mandamus he seeks.
As previously stated, other than as provided by § 43-2-44, there is no authority by which a probate court can appoint co-administrators. Similarly, there is no authority by which the court can issue supplemental letters of administration. The only way this Court could hold otherwise would be to adopt Teresa's contention that § 43-2-24 was intended to provide for supplemental letters of administration as well as letters testamentary. We refuse to construe § 43-2-24 as she requests. Section 43-2-24 expressly provides for the issuance of supplemental letters testamentary "[i]f the disability of a person under age or of a married woman named as executor in awill is removed." (Emphasis added.)
We recognize that the disqualification statute (§ 43-2-22) uses only the word "executor," but that this Court, as far back as the case of Williams v. McConico, 27 Ala. 572 (1855), has applied this disqualification statute to administrators also.Crommelin v. Raoull, 169 Ala. 413, 53 So. 745 (1910).[3] To construe § 43-2-24 as the widow suggests would require us to hold that the words "executor named in a will" also apply to an administrator.
It is well-settled that, although there are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature, the judiciary cannot and should not, in a republican form of government, usurp the legislative function.Hamilton v. Smith, 264 Ala. 199, 86 So.2d 283 (1956). Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Shelton v.Wright, 439 So.2d 55 (Ala. 1983). Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas BrothersManufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534
(Ala. 1983). We deem this to be such a case. By expressly providing in § 43-2-24 for supplemental letters only where the would-be recipient of these letters is "named as executor in awill" (emphasis added), the legislature clearly expressed its intent that this section should only apply to testate estates and only provide for issuance of supplemental letters testamentary.
Where a statute enumerates certain things on which it is to operate (such as letters testamentary), the statute must be construed as excluding from its effect *Page 961 
all things not expressly mentioned (such as letters of administration). Cf. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973). Since supplemental letters of administration are not mentioned in § 43-2-24, and are not provided for in any other statute, we must presume that the legislature never intended to allow for the issuance of such letters. Therefore, the probate court was in error in issuing supplemental letters of administration to Teresa Holladay Farmer.
It is the opinion of this Court that Amon F. Holladay is entitled to serve as sole administrator of the estate of Calvin Jerome Holladay. Having shown that the probate court had no authority to appoint a co-administrator, and having no other remedy at law, Amon F. Holladay is clearly entitled to the issuance of a writ of mandamus ordering the probate court of Etowah County to vacate its previous order naming Teresa Holladay Farmer as co-administrator. Concurrently, Teresa Holladay Farmer's petition for writ of mandamus is to be denied.
84-11 — WRIT GRANTED.
84-170 — WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Since Calvin Jerome's death, Teresa Holladay has remarried.
[2] Section 43-2-22 only mentions "executor" in the body of the statute, but it has been held to apply to administrators.Burnett v. Garrison, 261 Ala. 622, 75 So.2d 144 (1954).
[3] We do not understand why the 1975 Code Committee did not include the word "administrator" in § 43-2-22. In other sections in the same chapter, both "executor" and "administrator" are included. See Code 1975, §§ 43-2-60,43-2-80, 43-2-83, as examples.