Douglas W. KONKEN, et al.,
Appellants,

v.

OAKLAND FARMERS' ELEVATOR COMPANY, Land O'Lakes Farm Centers, Inc., et al., Respondents.

No. C5–88–13.

Court of Appeals of Minnesota.

June 28, 1988.

Review Denied Aug. 24, 1988.

Warren F. Plunkett, Peter D. Plunkett, Warren F. Plunkett & Assoc., Austin, for appellants.

Michael J. O'Loughlin, Michael J. O'Loughlin & Associates, Minneapolis, for Oakland Farmers' Elevator Co.

Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for Land O'Lakes Farm Centers, Inc., et al.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and SCHULTZ *, JJ.

## OPINION

LANSING, Judge.

The trial court entered summary judgment against appellant Douglas Konken, holding that his common law rights of action against his employer and former employer are foreclosed by the exclusive remedy provision of the Workers' Compensation Act. We affirm the summary judgment for the employer and reverse the summary judgment for the former employer.

## FACTS

In July 1986 Konken was severely injured in the course of his employment with respondents Land O'Lakes Farm Center, Inc. (LOLFC), and its parent corporation, Land O'Lakes, Inc. (LOLI). The injury occurred while Konken was unloading beans in a storage building at London, Minnesota. Konken's right leg was caught and severed below the hip by an unguarded floor auger installed by Konken's former employer, respondent Oakland Farmers Elevator (Oakland). LOLI had purchased all of Oakland's assets, including the storage building and unguarded auger, in October 1985. Before that time, Oakland had employed Konken at the same storage facility.

Although Konken began receiving workers' compensation benefits after his injury, he also brought this common law action against LOLFC, LOLI and Oakland, alleging willful, wanton and reckless conduct. All respondents moved for summary judgment. Before the hearing Konken moved to amend his complaint to allege that respondents' acts were consciously and deliberately intended to inflict injury on him.

In defending against the summary judgment motions, Konken argued that the conduct of LOLFC and LOLI were within the intentional tort exception to the exclusive remedy provision of the Workers' Compensation Act. He produced evidence that

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

LOLFC failed to conduct a safety inspection of the property at the time of purchase and that the manager of the storage facility was aware of the hazardous condition created by the unguarded auger, but failed to correct it. Konken argued that this conduct was tantamount to an intentional tort.

Konken further argued that his action against Oakland was not barred by the Workers' Compensation Act, because Oakland was not an employer and was neither insured nor self-insured at the time of the injury.

Although the trial court did not specifically rule on Konken's motion to amend his complaint, it granted summary judgment for LOLFC and LOLI based on the absence of evidence on a specific intent to injure. Because there was no evidence of intent, the exclusive remedy provision of the Act applied and precluded a common law suit for injury. The court also granted summary judgment for Oakland, apparently reasoning that former employers were also governed by the Act's exclusive remedy provision.

## ISSUES

1. Did the trial court err in failing to apply the intentional tort exception to the exclusive remedy provision of the Workers' Compensation Act?

2. Is a former employer whose alleged causal wrongdoing occurred during the former employment relationship exempted from common law liability by the exclusive remedy provision of the Workers' Compensation Act?

## ANALYSIS

### I

■ Employees are restricted by the exclusive remedy provision of the Minnesota Workers' Compensation Act from bringing common law actions against their employers. The Act provides:

> The liability of an employer prescribed by [the workers' compensation act] is exclusive and in the place of any other liability to such employee * * * entitled

to recover damages on account of such injury or death.

Minn.Stat. § 176.031 (1986).

Minnesota recognizes an exception to the exclusivity provision for an employer's intentional torts. *See Boek v. Wong Hing,* 180 Minn. 470, 471–72, 231 N.W. 233, 234 (1930). The Minnesota Supreme Court has consistently interpreted this intentional tort exception narrowly, holding that wanton or gross negligence will not convert the act to an intentional tort. *See Kaess v. Armstrong Cork Co.,* 403 N.W.2d 643, 644–45 (Minn.1987); *Hildebrandt v. Whirlpool Corp.,* 364 N.W.2d 394, 397 (Minn.1985). Although it recognized that some jurisdictions permit common law suits under such circumstances, the court ruled that in Minnesota common law liability does not extend to an employer unless there is an intentional injury. *Id.,* 364 N.W.2d at 397. Under these cases, knowledge of a hazard does not constitute intent to injure.

Konken did not present any evidence of a conscious and deliberate intent to inflict injury. Even if Konken's amendment were permitted, the affidavits and depositions support only a claim of gross negligence, and Konken's bare allegation of intent does not create a fact issue. *Murphy v. Country House, Inc.,* 307 Minn. 344, 348, 240 N.W.2d 507, 511 (1976). The trial court correctly held that Minn.Stat. § 176.031 bars Konken's cause of action against LOLFC and LOLI.

### II

■ Although the Workers' Compensation Act generally bars employees from bringing common law actions against their employers, it allows common law actions against third-party tortfeasors. The Act provides:

> If an injury or death for which benefits are payable is caused under circumstances which created a legal liability for damages on the part of a *party other than the employer,* * * * legal proceedings may be taken by the employee * * * in accordance with clause (a) * * * against the other party to recover damages, not-

withstanding the payment of benefits by the employer or the special compensation fund or their liability to pay benefits. Minn.Stat. § 176.061, subd. 5 (emphasis added). The parties dispute whether Oakland, as a former employer of Konken, constitutes a "party other than the employer," which would permit a common law action.

The Act defines "employer" as "any person who employs another to perform a service for hire." Minn.Stat. § 176.011, subd. 10. The definition is cast in the present tense and would not appear to include a former employer whose contractual relationship with the employee has ended and who no longer employs the worker "to perform a service for hire." Absent an express legislative intention to extend the restriction on causes of action against former employers, we are reluctant to do so.

This analysis is consistent with policies of the Act. The third-party action is generally permitted because, "as between the employee and the stranger, there has been no such give and take." 2A A. Larson, *The Law of Workmen's Compensation,* § 71.20 (1988). Stated differently,

> [u]nder the Minnesota Act the employer is liable without fault but is immune from common law action. On the other hand, a "person other than the employer" is liable to the employee only if at fault and has available to him all common law defenses. The scheme of the compensation act is reciprocity. As long as the employer is stripped of his common law defenses and is liable without fault, he is subject only to exclusive statutory liability. A third person, other than the employer's compensation insurer, is subject to no burdens of the act and consequently, under the scheme of reciprocity, is entitled to no benefits of the act.

*Modjeski v. Atwell, Vogel & Sterling, Inc.,* 309 F.Supp. 119, 124 (D.Minn.1969) (quoting *Sexton v. Employers Insurance of Wausau,* No. 355000 (Ramsey Cty. May 9, 1969)).

Following this analysis, if Oakland was not subject to the burdens of the Act at the time of the injury, then under the reciprocity scheme, Oakland is not entitled to the Act's beneficial immunity from Konken's common law claims. The Workers' Compensation Act essentially creates a "non-fault recovery system for accidents arising out of and in the course of employment." *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 120, 257 N.W.2d 679, 684 (1977); *see also* Minn.Stat. § 176.021, subd. 1. If Konken's accident arose out of and in the course of employment with Oakland, then Oakland would be liable to pay benefits to Konken without regard to common law defenses. It is apparent, however, that Konken's injury did not arise out of Oakland's employment and that Oakland incurred no obligation to pay workers' compensation benefits for Konken's injury.

An injury "arises out of" employment when a causal connection exists between the employee's injury and the employment. *Nelson v. City of Saint Paul,* 249 Minn. 53, 55, 81 N.W.2d 272, 275 (1957). There was no causal connection between Konken's injury and his previous employment relationship with Oakland. Konken could have been injured at LOLI whether or not he had been employed by Oakland.

Oakland argues that because the *negligence* which allegedly caused Konken's injury took place during their employment relationship, Konken's injury did in fact arise out of employment with Oakland. However, as already stated, the relevant causal connection is between the injury and the employment, not the injury and the negligence. Because Konken would have been injured even if he had not been employed by Oakland, the causal connection is not satisfied and, as a result, the injury did not "arise out of and in the course of employment" with Oakland.

This conclusion comports with the reasoning in a case based on similar facts, *Hull v. Aurora Corp. of Illinois,* 89 A.2d 681, 454 N.Y.S.2d 39 (1982). Discussing the liability of a former employer whose assets had been purchased, the court stated:

> In this common law action brought for injuries sustained [after the sale of as-

sets], Aurora and its related business entities stand as third parties rather than as employers in relation to plaintiff and thus cannot use the fortuity of a prior employment relationship as a basis for invoking the [exclusive remedy provision].

*Id.* at 682, 454 N.Y.S.2d at 40.

Because both the plain language and the public policy of the Workers' Compensation Act support a conclusion that Oakland is a "party other than the employer," the exclusive remedy provision is inapplicable and Oakland may be subjected to third-party liability. Cases cited by Oakland on the "dual persona" doctrine are inapposite.

### DECISION

The trial court correctly ruled that LOLFC and LOLI's conduct fell outside the intentional tort exception and that the exclusive remedy provision of the Workers' Compensation Act applied to them. The trial court erred, however, in ruling that the exclusive remedy provision applied to Oakland.

Affirmed in part and reversed in part.