THIGPEN, Judge.
This case, involves the liability of interest assessed for taxes collected by the Tag Commissioner in accordance with § 40-23-104, Ala.Code 1975, but not remitted in accordance with the law.
The Alabama Department of Revenue (Department) entered a preliminary assessment for casual sales and use tax for the period of January 1-10, 1986, against the Russell County Tag Commissioner (Commissioner), which included amounts for a delinquency penalty and interest. The parties agreed to the amount of the tax liability and the Department waived the delinquency penalty. The Commissioner paid the tax liability and requested an administrative hearing regarding the assessed interest. After a hearing before an Administrative Law Judge (AU), a final assessment for the interest was entered against the Commissioner. The Commissioner appealed the administrative ruling to the circuit court pursuant to § 40-2-22, Ala.Code 1975. The trial court had before it the record and transcript from the administrative hearing, as well as the pleadings and a memorandum brief of the Department. The trial court determined that the Commissioner was not a “person” subject to the inclusion of interest for delinquent taxes and reversed the administrative ruling. The Department appeals.
The issue raised by the Department on appeal is whether the Russell County Tag Commissioner is a “person” under § 40-23-l(a)(l), Ala.Code 1975, liable for interest for delinquent taxes.
Our review of the record reveals the following pertinent facts. The Russell County Tag Commissioner, a salaried employee of Russell County, is responsible for collecting casual sales and use tax from taxpayers on certain purchases and is charged with the duty of reporting and remitting those amounts collected to the state and county. Pursuant to § 40-23-107, Ala.Code 1975, the Commissioner is entitled to a collection fee for timely performance of these duties. The tax liability here occurred when no report was filed by the Commissioner for the period January 1, 1986 through January 10, 1986.
The Department entered the preliminary assessment against the Commissioner for this period, including in the assessment an amount for the penalty and interest. Following a conference, a tax liability was agreed to by the parties; the Commissioner paid the tax, and the Department waived the penalty. The only question remaining concerned the interest assessed on the tax *1148 through the date of the payment. The Commissioner was unsuccessful before the AU in contesting the inclusion of the interest by contending that the office of commissioner was not a “person” as defined in § 40-23-l(a)(l), Ala.Code 1975, subject to the interest provision, but succeeded in that argument before the trial court. The trial court determined that the Commissioner is not a “person” liable for the interest on delinquent taxes. The order of the trial court referred to the Commissioner as “a collecting agent for the Department” who does not come within the statutory definition of a “person.” Further, the trial court held that § 40-23-107, Ala.Code 1975, which concerns the fees and duties of the tax collector, addresses the failure of the tax collector to timely remit tax collected. The trial court held that that section does not impose the payment of interest upon the Commissioner, but disallows the collection fee when the collections are not timely remitted to the Department.
The Department contends that § 40-23-14, Code 1975, mandates that interest be added to the assessment for delinquent taxes and that the legislature did not give the Department authority to waive the interest. The Department cites § 40-23-105, Ala. Code 1975, to support its contentions that the Commissioner is subject to consequences of the sales tax statutes. The Department argues that the Commissioner acts as a collecting agent for the Department in the same manner that sellers of merchandise do under the general sales tax statutes. Additionally, the Department argues that if the Commissioner were not a “person” under the definition in the statutes, requirements to report and remit the collected taxes would not apply to the Commissioner.
The Commissioner submits that the Department’s interpretation is unreasonable and inconsistent with the legislative intent of the statute. The Commissioner cites State v. Marmon Industries, Inc., 456 So.2d 798 (Ala.Civ.App.1984), to support his contention that the underlying purpose and intent of the legislature in enacting the sales and use tax statutes was to impose a tax on the consumer of goods. The Commissioner further submits that the legislature provided a collection fee to compensate the Commissioner for timely performance and that forfeiture of this fee is the Commissioner’s consequence for untimely performance.
It is well-settled that when a court is called upon to construe a statute, the fundamental rule is that it has a duty to ascertain and effectuate the legislative intent. Ex parte Holldday, 466 So.2d 956 (Ala.1985). When a statute is susceptible to two interpretations, we will assume that the legislature intended the statute to be workable and fair. State Department of Revenue v. Delta Air Lines, Inc., 549 So.2d 1352 (Ala.Civ.App.1989), citing State v. Calumet & Hecla Consol. Copper Co., 259 Ala. 225, 66 So.2d 726 (1953).
Sections 40-23-100 through 40-23-110, Ala.Code 1975, concern the taxes involved in this case. The term “tax collector,” as used in the article, is defined in the first section of that article, and the tax collector is required to collect taxes under § 40-23-104, Ala.Code 1975. Additionally, in accordance with § 40-23-109, these duties are imposed upon the license commissioner. As compensation for the timely performance of these duties, the tax collector is entitled to deduct a fee before remitting the tax to the Department. § 40-23-107, Ala.Code 1975. This section clearly specifies that if the tax is not timely remitted, the fee is disallowed.
The section upon which the Department relies, § 40-23-105, Ala.Code 1975, states that “Except as herein otherwise provided, the tax herein shall be subject to ... the provisions of sections 40-23-1 through 40-23-36.” What happens if the tax collector fails to timely remit the taxes to the Department is not left to speculation. It is provided for in § 40-23-107, Ala.Code 1975. “Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” Holladay, 466 So.2d at 960.
*1149 We find that the Commissioner’s interpretation, which the trial court adopted, is workable and fair. See, State Department of Revenue v. Delta Air Lines, Inc., 549 So.2d 1352 (Ala.Civ.App.1989). That interpretation is consistent with the legislative intent to tax the consumer of goods and to compensate the Commissioner for timely remitting the tax collected from the consumers. Should the Commissioner fail to timely remit the collected taxes, the collection fee is forfeited.
In light of the above, we find no error in the trial court’s holding that the Commissioner is not liable for interest on the taxes it failed to timely remit. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.