This is an appeal from a judgment awarding workmen's compensation benefits for permanent and total disability.
In October 1991, Billy Hawkins filed a complaint against his employer, Hypeco, Inc. He alleged that, as a result of two separate furnace malfunctions, he was exposed to and inhaled natural gas while working within the line and scope of his employment. He further alleged that as a result, he suffered pulmonary damage. Hypeco responded, inter alia, that, because Hawkins had been previously diagnosed as suffering from Chronic Obstructive Pulmonary Disease (COPD), the trial court should consider Ala. Code 1975, § 25-5-58, regarding the effect of a preexisting condition, in determining any disability benefits to be awarded.
Following ore tenus proceedings, the trial court determined that Hawkins was entitled to recover benefits for permanent and total disability and rendered judgment, in pertinent part, as follows:
 "The court finds from the evidence that the plaintiff is permanently and totally disabled and suffers 100% impairment of his ability to earn a living. The court further finds that the gas leak and the resultant effect upon the plaintiff was an accident which aggravated the infirmity or disease with which the plaintiff suffered. As noted, the defendant argues that the provisions of section 25-5-58 Code of Alabama should be applicable here. The court cannot agree. The testimony of the plaintiff, and his co-workers, that he was able to do all the work required of him, in a normal manner, prior to January 8, 1990, is uncontradicted. Obviously, there was the hospitalization of December 27th, also caused by his inhalation of the natural gas, and the hospitalization of November 3rd, 1989; however, there is no proof that either of these prevented the plaintiff from performing his job in a normal manner, upon his release from the hospital.
 "The court in [Robinson Foundry, Inc. v. Tinsley, 510 So.2d 825, 826 (Ala.Civ.App. 1987)], stated:
 " 'Even [if] there is an existing infirmity or latent disease, our courts have said that an aggravation of such infirmity by an accident occurring on the job is compensable. [(Citation omitted.) We have said that an] employer takes an employee as he is. One suffering an injury caused by his job does not bear the risk of his own physical structure. [(Citation omitted.) Section] 25-5-58 is to be liberally construed so as not to apply if the previous injury or infirmity has not demonstrated itself as disabling and prevented the employee from performing his job in a normal manner.' "
The trial court further stated:
 "The court finds that, with the exception of the above said periods of hospitalization, the plaintiff demonstrated no disability and was performing his job in a normal manner from the date of his employment until January 8, 1990. *Page 804 
 " 'Benefits are not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the pre-existing disability does not disqualify the claim under the "arising out of employment" requirement of the statute.' Ex parte Lewis, 469 So.2d 599, [601 (Ala. 1985)].
 "It is highly likely that the plaintiff's existing disease could have been exacerbated by any number of components. Dr. Patton warned the plaintiff of: new carpet, household ammonia, perfume, smoke, etc.; however the fact remains, and the court finds that such condition was aggravated and accelerated by the gas leak at the site of employment and as such arose out of and in the course of the plaintiff's employment.
"It is therefore adjudged as follows:
 "ONE: That the plaintiff have and recover of the defendant permanent and total disability, as provided by law, at the rate of $246.01 per week, (maximum benefit in 1989 being $369.00).
 "TWO: That the sum of $26,323.07 is now due and owing, with the remainder to be paid as provided by law."
Hypeco appeals, presenting two issues, namely, whether the trial court erred by entering a judgment without applying Ala. Code 1975, § 25-5-58, and whether the trial court erred in determining the true and correct amount payable to the employee, assuming total permanent disability.
Ala. Code 1975, § 25-5-58, states:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
Hypeco argues that because Hawkins's condition (COPD) contributed to the total disability finding, pursuant to Ala. Code 1975, § 25-5-58, it is responsible "only for the disability which would have resulted" in the absence of the condition or infirmity.
In reviewing workmen's compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
The trial court's order contains a specific factual finding that Hawkins performed his job in a normal manner prior to the gas leak of January 8, 1990. If there is any legal evidence to support this finding, then we must determine whether a reasonable view of that evidence supports the trial court's judgment. Eastwood Foods, Inc., supra.
The record reveals that Hypeco is engaged in the poultry industry and that Hawkins was employed as district manager for the overall operations in the southern United States. His duties consisted of sales, in addition to supervision of other employees at various locations. Hawkins testified that, prior to his employment with Hypeco in July 1989, he had been diagnosed as suffering from COPD, and that he was hospitalized for ten days in November 1989.
Hawkins and two of his co-workers testified that, upon Hawkins's discharge from the hospital in November 1989, Hawkins resumed his normal duties as district manager, although he was required to use supplemental oxygen on occasions, and that certain activities took him longer to accomplish. On December 27, 1989, a gas leak at one of Hypeco's hatcheries caused Hawkins and other employees to inhale the leaking natural gas. Hawkins testified that effects of the gas inhalation were sufficient to cause him to consult his doctor, and that the result was that he was increasingly weak and that he had to stay in bed more frequently. Nevertheless, both Hawkins and his co-workers testified that Hawkins continued to work, and that he was able to resume his normal duties thereafter.
Hawkins further testified that on January 8, 1990, a second leak caused him to inhale the natural gas. He stated that shortly thereafter, he suffered respiratory failure and was hospitalized until approximately the *Page 805 
end of the month. When he was discharged from the hospital, he was again placed on supplemental oxygen. Hawkins further testified that he has been unable to resume any employment since that time.
Workmen's compensation statutes are to be liberally construed to accomplish their beneficent purposes, and doubts must be resolved favoring the employee. Scott Paper Co. v. Smith,600 So.2d 269 (Ala.Civ.App. 1992). It is the duty of the trial court to determine the extent of the disability; however, the trial court "must consider all the evidence, including its own observations, and interpret it to its own best judgment."Genpack Corp. v. Gibson, 534 So.2d 312, 314 (Ala.Civ.App. 1988). The law does not limit workmen's compensation benefits to those in perfect health prior to the compensable injury.Reynolds Metals Co. v. Stults, 532 So.2d 1035 (Ala.Civ.App. 1988). Moreover, preexisting conditions do not affect an award of compensation if the on-the-job injury combined with the preexisting condition to produce the disability. Allen v. MetroContract Services, Inc., 421 So.2d 1289 (Ala.Civ.App. 1982). The law is clear that if an employee was able to perform his or her work prior to the time of the subject injury, then no preexisting condition was present for compensation purposes.Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985).
Our thorough review of the record discloses conflicting evidence concerning Hawkins's ability to perform his job as usual prior to the gas leak incidents; however, where conflicting testimony is presented, the findings of the trial court are conclusive if there is any testimony to support them.Merico, Inc. v. Sparks, 567 So.2d 315 (Ala.Civ.App. 1990). As discussed above, there is testimony that in spite of his preexisting condition, Hawkins was performing his job normally prior to the gas leak in January 1990. That evidence supports the trial court's finding that Hawkins was performing his job as usual, and a reasonable view of that evidence supports the trial court's judgment awarding compensation for his disability. Therefore, we find that the trial court did not err in not applying Ala. Code 1975, § 25-5-58.
Hypeco last argues that the trial court erred in determining the true and correct amount of benefits payable to Hawkins, even assuming total permanent disability. Hawkins agrees with Hypeco that the trial court erred and failed to calculate his disability benefits and attorney fees in accordance with the guidelines set by our Supreme Court in Ex parte St. RegisCorp., 535 So.2d 160 (Ala. 1988). Accordingly, that portion of the trial court's judgment is due to be reversed and the cause remanded to the trial court with instructions to recalculate the benefits due and payable to Hawkins by applying the proper computations discussed in Ex parte St. Regis Corp., supra.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.