728 So.2d 632 (1997)
SCOTT PAPER COMPANY
v.
Betty Jean TAYLOR.
Scott Paper Company
v.
J. D. Davis.
2950251, 2950287.
Court of Civil Appeals of Alabama.
September 19, 1997.
*633 Scott G. Brown of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for appellant.
William H. Reece and John D. Gibbons of Gardner, Middlebrooks, Fleming & Hamilton, P.C., Mobile, for appellees.

On Application for Rehearing
CRAWLEY, Judge.
The opinion of October 25, 1996, is withdrawn, and the following is substituted therefor:
In June 1994, Betty Jean Taylor sued Scott Paper Company (the "company") for workers' compensation benefits, alleging that she had suffered hearing loss after long-term exposure to harmful levels of noise and requesting benefits accordingly. Following ore tenus proceedings, the trial court found that Taylor had suffered a 24.4% permanent partial disability and awarded benefits for a scheduled injury pursuant to Ala.Code 1975, § 25-5-57(a)(3)a.18.
In June 1994, J.D. Davis sued the company for workers' compensation benefits, also alleging a hearing loss after long-term exposure to harmful noise levels and requesting benefits accordingly. Following ore tenus proceedings, the trial court found that Davis had suffered an 11.9% permanent partial disability and awarded benefits pursuant to the scheduled injury provision cited above.
The company argues that, pursuant to Ala. Code 1975, § 25-5-57(c)(1), it is entitled to a setoff against the amount of compensation benefits paid to Taylor and Davis (the "workers") respectively by the amount of retirement benefits paid to each worker. Taylor alleged that the last exposure was in September 1992, and Davis alleged that the last exposure was in April 1993.[1]
Section 25-5-57(c)(1) states:
"The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
(Emphasis added.) The company contends that it "provided the [retirement] benefits or paid for the [retirement] plan" these workers receive and that the amounts they receive should be deducted from their compensation payments. The workers argue that the setoff is applicable only to a "plan providing for sick pay," and that because their retirement plans do not include sick pay, the company is not entitled to reduce their compensation payments.
The facts in this case are undisputed. Each worker receives retirement benefits from the company. The amount of the benefits is based upon the number of years the company employed each worker. The benefits are funded entirely by the company and are not funded by worker contributions. The benefits do not include any amount for disability or sick pay.
The court's fundamental duty in interpreting a statute is to determine the legislative intent by examining the language used in the statute, as well as the policy to be promoted and the ends sought by the application of the statute. Ex parte Holladay, 466 So.2d 956 (Ala.1985). The court must interpret provisions of the workers' compensation statute liberally to accomplish its "beneficent purposes, and all reasonable doubts must be resolved in favor of the [worker]." American Tennis Courts, Inc. v. Hinton, 378 So.2d 235, 237 (Ala.Civ.App.), cert. den., 378 So.2d 239 (Ala.1979).
The company argues that a proper application of the rules of statutory construction supports its contentions. The workers make a similar argument in support of their contentions. The company argues that the statute explicitly includes "retirement benefits" *634 in the categories of payments that will reduce the amount of a worker's compensation benefits. The workers argue that the plain meaning of the statutory language is that a retirement plan must be "providing for sick pay" in order for the retirement benefits to reduce the amount of compensation benefits the worker receives.
The company further argues that the legislative history indicates that the legislature intended to allow any retirement benefits to reduce a compensation award. In 1992, the legislature amended the Alabama Workmen's Compensation Act and renamed it the Alabama Workers' Compensation Act. The legislature stated its intent in amending the act as follows:
"The Alabama Workers' Compensation Act is remedial in nature and should be liberally construed to effectuate the intended beneficial purposes. However, even a liberality of construction does not abrogate the measure of proof or sufficiency of evidence.
"It is also the intent of the Legislature in adopting this workers' compensation scheme to address difficulties in the current scheme that are producing a debilitating and adverse effect on the state's ability to retain existing industry and attract new industry. The Legislature finds that the current Workmen's Compensation Law of Alabama and other means of compensation or remedy for injury in the workplace has unduly increased cost to employers in the state, driven away jobs, and produced no concomitant benefit. There is a total absence of any reliable evidence that the current act has resulted in fewer injuries on the job, and a considerable body of evidence that any added benefit to the worker is significantly offset by the resulting reduction in job opportunities...."
Ala.Code 1975, § 25-5-1, Code commissioner's note.
In interpreting the setoff provision of § 25-5-57(c)(1), we conclude that the determinative issue is whether the phrase "providing for sick pay" modifies the phrases "disability plan" and "retirement plan," as well as the phrase "other plan." If "providing for sick pay" modifies "retirement plan," then we must accept the workers' argument that the setoff applies only to a retirement plan that provides sick pay. Conversely, if "providing for sick pay" does not modify "retirement plan," then we must accept the company's argument that all company provided retirement benefits will reduce a workers' compensation award.
Our supreme court has recently interpreted a similarly worded statutory section involving the application of the gasoline tax. Ex parte State Department of Revenue, 683 So.2d 980 (Ala.1996). Ala.Code 1975, § 40-17-30(1), defines gasoline as:
"[g]asoline, naphtha, and other liquid motor fuels or any device or substitute therefor commonly used in internal combustion engines...."
(Emphasis added.) The issue in that case was whether naphtha, which was not used in internal combustion engines, was subject to the gasoline tax. As in this case, the outcome depended on whether a qualifying phrase following a series modified only the immediately preceding member of the series or modified all members of the series. The court held that the qualifying phrase, "commonly used in internal combustion engines," modified only the immediately preceding phrase, "other liquid motor fuels or any device or substitute thereof." Id. at 982.
Based upon the supreme court's statutory interpretation, we conclude that the phrase "providing for sick pay" modifies only the immediately preceding member of the series, "other plan," but does not modify the other members of the series, "disability plan" or "retirement plan." Therefore, we agree with the company that a workers' compensation award will be reduced by a company provided retirement plan. This interpretation of the statute is further supported by the legislative intent in enacting the 1992 Workers' Compensation Actto address the financial burdens on industry in the state. We also note that it is difficult to conceive of a retirement plan that provides sick pay. Sick pay is generally available only to working employees as compensation during an illness while employed.
*635 We reverse the judgment of the trial court and remand the cause for entry of a judgment consistent with this opinion.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
ROBERTSON, J., dissents.
MONROE, Judge, concurring in the result.
In light of the Alabama Supreme Court's decision in Ex parte Dunlop Tire Corp., 706 So.2d 729 (Ala.1997), I concur in the result.
NOTES
[1] These cases are governed by the Workers' Compensation Act and the amendments effective May 19, 1992.