871 So.2d 814 (2001)
Robert WEAVER and Frances Weaver
v.
KIMBERLY-CLARK CORPORATION.
2991238.
Court of Civil Appeals of Alabama.
November 30, 2001.
*815 Bruce J. McKee and Nolan E. Awbrey of Hare, Wynn, Newell & Newton, Birmingham, for appellants.
H.L. Ferguson, Jr., and K. Claire White of Ferguson, Frost & Dodson, Birmingham, for appellee.
PITTMAN, Judge.
This case was transferred to this court by the Supreme Court pursuant to Ala. Code 1975, § 12-2-7(6). The plaintiffs Robert Weaver and Frances Weaver appeal from a summary judgment in favor of the defendant Kimberly-Clark Corporation.
The facts of this case are few and uncontested. Mr. Weaver was an employee of Kimberly-Clark for approximately 32 years. On March 27, 1997, Kimberly-Clark sold its Coosa Pines pulp and paper mill to U.S. Alliance Coosa Pines Corporation (hereinafter "U.S. Alliance"). Weaver was employed at the Coosa Pines mill before, during, and after the sale. On April 8, 1997, Weaver was injured at the Coosa Pines mill when a handrail gave way and he fell. He received workers' compensation benefits from U.S. Alliance.
On May 6, 1998, the Weavers sued Kimberly-Clark and several other defendants for damages incidental to Weaver's accident. After some discovery was conducted, Kimberly-Clark moved for a summary judgment. The trial court held a hearing on the motion and granted it; the court delayed entering a final judgment for 60 days, to allow the Weavers time to present any additional evidence to the trial court. At the next hearing on the matter, the trial court made the summary judgment in favor of Kimberly-Clark final, under the provisions of Rule 54(b), Ala.R.Civ.P. The Weavers appeal from that summary judgment.
The Weavers argue that Kimberly-Clark cannot invoke the exclusivity provision *816 of the Workers' Compensation Act because Kimberly-Clark and Weaver were not in an employer-employee relationship at the time of the accident. Kimberly-Clark argues that the exclusivity provision should apply because Kimberly-Clark and Weaver were in an employer-employee relationship at the time of the alleged negligence that led to the injury. Both sides admit in their appellate briefs to this court that the question is a novel one and that there is no controlling Alabama caselaw on it.
The exclusivity provision of the Alabama Workers' Compensation Act is found in §§ 25-5-52 and -53, Ala.Code 1975, and provides, in pertinent part:
Section 52:
"Except as provided in this chapter, no employee of any employer subject to this chapter ... shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
Section 53:
"The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee ... by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment."
The Weavers point to three cases that they allege buttress their argument that Kimberly-Clark cannot avail itself of the exclusivity provisions quoted above. The first is Duvon v. Rockwell Int'l, 116 Wash.2d 749, 807 P.2d 876 (1991), which the Weavers assert stands for the proposition that at the time of Duvon's injury, there was no employer-employee contract. The Weavers quote only a one-paragraph synopsis of the case by Professor Larson in 2A A. Larson, The Law of Workmen's Compensation 12-17, § 65.13 (1993). However, we have reviewed the case in its entirety and are unpersuaded by it. The Supreme Court of Washington, in a one-sentence analysis, rejects the argument of the former employer based simply on the fact that the "respondent was not the petitioner's employee when the accident took place." 116 Wash.2d at 754, 807 P.2d at 878. We accord this opinion no weight, given its complete lack of legal reasoning. The Weavers also cite Konken v. Oakland Farmers' Elevator Co., 425 N.W.2d 302 (Minn.Ct.App.1988), for the proposition that the former employer, Konken, was a third-party who was subject to a commonlaw claim. Again, the Weavers give us the one-paragraph summary of the case given by Professor Larson in his treatise. Our own review of Konken shows that the majority of its reasoning concerned the operation of the third-party-tortfeasor section of the Minnesota workers' compensation statute. The relevant portion of the statute states, "If an injury ... is caused under circumstances which created a legal liability for damages on the part of a party other than the employer ... legal proceedings may be taken ... against the other party...." Minn.Stat. § 176.061, subd. 5 (1986). The court in Konken looked to *817 another case to define the difference between an "employer" and a "person other than the employer":
"Under the Minnesota Act the employer is liable without fault but is immune from the common law action. On the other hand, a `person other then the employer' is liable to the employee only if at fault and has available to him all common law defenses. The scheme of the compensation act is reciprocity. As long as the employer is stripped of his common law defenses and is liable without fault, he is subject only to the exclusive statutory liability. A third person, other than the employer's compensation insurer, is subject to no burdens of the act and consequently, under the scheme of reciprocity, is entitled to no benefits of the act."
Modjeski v. Atwell, Vogel & Sterling, Inc., 309 F.Supp. 119, 124 (D.Minn.1969). The Minnesota court held that Oakland (Konken's former employer) was a "party other than the employer" and that the exclusiveremedy provision was inapplicable. We will reserve our comments on the analysis of the Minnesota court until after we review the case cited in support of Kimberly-Clark's position.[1]
Kimberly-Clark argues that the exclusivity provision should apply because Kimberly-Clark and Weaver were in an employer-employee relationship at the time of the alleged negligence that led to the injury. It cites Fields v. Jantec, Inc., 317 Or. 432, 857 P.2d 95 (1993), for the proposition that a former complying employer should be offered the protection of the immunity clause of the workers' compensation statute because of the overall nature of the statute and its intent. The Oregon Supreme Court in Fields analyzed the Oregon statutes and found the same lack of specific language involving a complying former employer as we are faced with in the instant case. It then examined the legislative history and the intent of Oregon's workers' compensation statutes. It analyzed its own third-party-negligence statutes and the intent behind those statutes and the results those statutes dictate, and pointed out that "a current complying employer may not be held liable in negligence for a workplace injury, even if the negligence occurred before the relevant employment relationship began." 317 Or. at 441, 857 P.2d at 99. It then noted that it was being asked "to apply a corollary principle: that a prior complying employer whose alleged negligence is at issue should not be liable in negligence if the alleged negligence occurred during, and in the course and scope of, the former complying employment, even if the workplace injury occurs after the employment relationship with that employer ends." 317 Or. at 441, 857 P.2d at 99. The Oregon Supreme Court noted: "When the parties are covered by the act, the rights of a covered [employee] are based upon the contract between the employee, the employer and the state. And the rights and remedies provided by the act are exclusive." 317 Or. at 442, 857 P.2d at 100, quoting Shoemaker v. Johnson, 241 Or. 511, 407 P.2d 257 (1965). It completed its analysis of the question before it by stating:
"An employer who complied fully with its statutory obligations to its employees has fulfilled its part of the bargain entirely. Under ordinary contract principles, a party who has fulfilled its part of the bargain entirely is entitled to performance *818 by the other parties to the contract. The legislative quid pro quo should, therefore, apply with respect to a later-occurring workplace injury if the alleged negligence occurred during, and in the course and scope of, the former complying employment and if, for that reason, the worker's compensation remedy would have been exclusive had the same injury occurred during the complying employment.
"The opposite rule would have anomalous results. Two employees who are otherwise situated identically could recover different amounts depending solely on whether the employer of one of them had changed ownership. Another anomaly is that a complying employer whose employee suffered no workplace injury at all during the entire course of employment would be liable for damages, while a complying employer whose employee suffers a substantial workplace injury during the course of employment would not be liable for damages. Finally an employer who has sold its business and ceased employing workers would be faced with uncertain future liability for workplace injuries that have not yet occurred...."
Fields, 317 Or. at 442, 857 P.2d at 100. Based on the above, the former complying employer was held to be protected from common-law liability with respect to the alleged negligence that occurred during, and in the course and scope of, the former complying employment.
We now return to the Minnesota Supreme Court case of Konken and its implications for our case. In its use of the quoted material from Modjeski, it simply ignores the unique status of a complying former employer. It speaks of employers and third parties and whether the various described entities are entitled to benefits of the act based on whether they are presently subjected to the burdens of the act. The complying former employer is neither strictly a current employer nor strictly a third party, but instead occupies a unique status as one who has been subject to the burdens of the act, yet, by the Minnesota Supreme Court's estimation, has suddenly lost what should have been the benefits of the act, namely, protection from commonlaw liability. It is for those reasons that we reject the rationale of the Konken case.
It has long been held that the Alabama Workers' Compensation Act should be liberally construed to accomplish its beneficent purpose. See, e.g., Hypeco, Inc. v. Hawkins, 641 So.2d 802 (Ala.Civ. App.1994); Hilyard Drilling Co. v. Janes, 462 So.2d 942 (Ala.Civ.App.1985); Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370 (1973); Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21 (1953). However, our courts have also frequently limited the scope of the abovestated general rule. See, e.g., United States Steel Corp. v. Baker, 266 Ala. 538, 97 So.2d 899 (1957) (holding that the court cannot extend the statute beyond its legitimate scope); Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967) (holding that liberality of construction does not mean that the rule as to the measure of proof, or the sufficiency of the evidence, is different from the rule in ordinary cases); Ford v. Mitcham, 53 Ala.App. 102, 298 So.2d 34 (1974) (holding that liberality of construction should not proceed to such a point as to amount to judicial legislation). In particular, we note our Supreme Court's holding in Carraway Methodist Hospital v. Pitts, 256 Ala. 665, 670, 57 So.2d 96, 100 (1952), wherein it stated: "Practically all courts are agreed that there should be accorded to the workmen's compensation law a broad and liberal construction. But it is also agreed that this law does not mean one thing when it is to the advantage of an employee so to maintain, and something else when an employer invokes the protection of the law in his favor." Here *819 we are presented a question regarding the scope and intent of the exclusivity provision of the Workers' Compensation Act, and, specifically, whether a former complying employer is an "employer" within the meaning of that provision. A court's fundamental duty in interpreting a statute is to determine the legislative intent by examining the language used in the statute, as well as the policy to be promoted and the ends sought by the application of the statute. Scott Paper Co. v. Taylor, 728 So.2d 632 (Ala.Civ.App.1997), citing Ex parte Holladay, 466 So.2d 956 (Ala.1985). In 1992, the Legislature amended large portions of Alabama's old Workmen's Compensation Act; the amendments included renaming it the Alabama Workers' Compensation Act. The Legislature stated its intent in amending the act, as follows, in Act No. 92-537, § 1, Ala. Acts 1992:
"The Alabama Workers' Compensation Act is remedial in nature and should be liberally construed to effectuate the intended beneficial purposes. However, even a liberality of construction does not abrogate the measure of proof or sufficiency of evidence.
"It is also the intent of the Legislature in adopting this workers' compensation scheme to address difficulties in the current scheme that are producing a debilitating and adverse effect on the state's ability to retain existing industry and attract new industry. The Legislature finds that the current Workmen's Compensation Law of Alabama and other means of compensation or remedy for injury in the workplace [have] unduly increased cost to employers in the state, driven away jobs, and produced no concomitant benefit."
See the "Code Commissioner's notes" to Ala.Code 1975, § 25-5-1. The stated intent of the Legislature is clear and unambiguous. It "modified the compensation statutes due to concerns regarding the ability of companies to operate profitably under the previous statutory scheme." Ross v. Ellard Constr. Co., 686 So.2d 1190, 1193 (Ala.Civ.App.1996).
The adoption of a rule by which a former complying employer falls within the exclusivity provision of §§ 25-5-52 and -53 of the Workers' Compensation Act is clearly the correct conclusion to be reached, both under the reasoning of the Oregon Supreme Court in Fields and the intent of the Legislature in its adoption of the 1992 amendments to the Act. We have previously held that the Workers' Compensation Act is contractual in nature. See Harris v. National Truck Service, 56 Ala.App. 350, 354, 321 So.2d 690, 693 (Ala.Civ.App. 1975), and Owens v. Ward, 49 Ala.App. 293, 295, 271 So.2d 251, 253 (Ala.Civ.App. 1972). This determination is consistent with the reasoning of the court in Fields, whereby a former complying employer had fulfilled its statutory obligations to its employees and was entitled to performance by the other parties to the contract. However, even more important is the fact that the adoption of this rule comports with the clear and unambiguous intent of the Legislature, as voiced in its 1992 amendments to the Workers' Compensation Act. This holding plainly follows the "fundamental rule ... that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained." Holladay, 466 So.2d at 960, citing Shelton v. Wright, 439 So.2d 55 (Ala.1983).
Based upon the facts of this case and the authority cited herein, we affirm Kimberly-Clark's summary judgment.
AFFIRMED.
THOMPSON and MURDOCK, JJ., concur.
YATES, P.J., and CRAWLEY, J., dissent.
*820 CRAWLEY, Judge, dissenting.
Based on the authority of Konken v. Oakland Farmers' Elev. Co., 425 N.W.2d 302 (Minn.App.1988), a Minnesota decision construing exclusivity provisions substantially identical to Alabama's, I respectfully dissent. See also Hull v. Aurora Corp. of Illinois, 89 A.D.2d 681, 454 N.Y.S.2d 39 (1982); and Duvon v. Rockwell Int'l, 116 Wash.2d 749, 807 P.2d 876 (1991).
Although the majority criticizes Konken, Hull, and Duvon for offering only a cursory analysis of the issue, my review of those cases convinces me that the Minnesota, Illinois, and Washington courts conducted the correctthough admittedly briefinquiry: Does a former employer fit within the definition of "employer" found in the Workers' Compensation Act?
In Konken, the Minnesota court concluded that a former employer is not an "employer" because the definition of "employer" ("any person who employs another to perform a service for hire") is cast in the present tense, and a former employer is, therefore, a "person other than the employer" against whom a third-party action can be maintained. 425 N.W.2d at 305. The Alabama definition of "employer" is, like the Minnesota definition, also cast in the present tense. See § 25-1-20(2), Ala.Code 1975 (defining "employer" as "any person employing 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, including any agent of that person"). The Alabama Workers' Compensation Act, like the Minnesota Act, also contains exclusivity provisions limiting a worker's remedies as against his employer, see §§ 25-5-52 and 25-5-53, Ala.Code 1975, but not as against third parties, or "part[ies] other than the employer," see § 25-5-11(a), Ala.Code 1975.
In Konken, the Minnesota court, quoting the New York Supreme Court, Appellate Division, stated:
"In this common law action brought for injuries sustained [after the sale of assets], [the former employer] and its related business entities stand as third parties rather than as employers in relation to plaintiff and thus cannot use the fortuity of a prior employment relationship as a basis for invoking the [exclusive-remedy provision]."
Konken, 425 N.W.2d at 305-06 (quoting Hull, 89 A.D.2d at 682, 454 N.Y.S.2d at 40).
The fact that I would reverse the summary judgment for the former employer does not indicate that I have any opinion regarding Kimberly-Clark's liability to the Weavers. It indicates only that I believe the Weavers are not barred by the exclusivity provisions of the Workers' Compensation Act from suing Kimberly-Clark, because Kimberly-Clark is a "party other than the employer." See § 25-5-11(a), Ala.Code 1975.
YATES, P.J., concurs.
NOTES
[1] The third case cited, Hull v. Aurora Corp. of Illinois, 89 A.D.2d 681, 454 N.Y.S.2d 39 (N.Y.App.Div.1982), is a two-paragraph case with no analysis other than to declare the former employer a third party. Therefore, no detailed discussion of that case is necessary here.