Based on the authority of Konken v. Oakland Farmers' Elev. Co.,425 N.W.2d 302 (Minn.App. 1988), a Minnesota decision construing exclusivity provisions substantially identical to Alabama's, I respectfully dissent. See also Hull v. Aurora Corp of Illinois,89 A.D.2d 681, 454 N.Y.S.2d 39 (1982); and Duvon v. Rockwell Int'l,116 Wn.2d 749, 807 P.2d 876 (1991).
Although the majority criticizes Konken, Hull, and Duvon for offering only a cursory analysis of the issue, my review of those cases convinces me that the Minnesota, Illinois, and Washington courts conducted the correct — though admittedly brief — inquiry: Does a former employer fit within the definition of "employer" found in the Workers' Compensation Act?
In Konken, the Minnesota court concluded that a former employer is not an "employer" because the definition of "employer" ("any person who employs another to perform a service for hire") is cast in the present tense, and a former employer is, therefore, a "person other than the employer" against whom a third-party action can be maintained. 425 N.W.2d at 305. The Alabama definition of "employer" is, like the Minnesota definition, also cast in the present tense. See § 25-1-20(2), Ala. Code 1975 (defining "employer" as "any person employing 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, including any agent of that person"). The Alabama Workers' Compensation Act, like the Minnesota Act, also contains exclusivity provisions limiting a worker's remedies as against his employer, see §§ 25-5-52 and 25-5-53, Ala. Code 1975, but not as against third parties, or "part[ies] other than the employer,"see § 25-5-11(a), Ala. Code 1975.
In Konken, the Minnesota court, quoting the New York Supreme Court, Appellate Divisions, stated:
 "In this common law action brought for injuries sustained [after the sale of assets], [the former employer] and its related business entities stand as third parties rather than as employers in relation to plaintiff and thus cannot use the fortuity of a prior employment relationship as a basis for invoking the [exclusive-remedy provision]."
Konken, 425 N.W.2d at 305-06 (quoting Hull, 89 A.D.2d at 682,454 N.Y.S.2d at 40).
The fact that I would reverse the summary judgment for the former employer does not indicate that I have any opinion regarding Kimberly-Clark's liability to the Weavers. It indicates only that I believe the Weavers are not barred by the exclusivity provisions of the Workers' Compensation Act from suing Kimberly-Clark, because Kimberly-Clark is a "party other than the employer." See § 25-5-11(a), Ala. Code 1975.
YATES, P.J., concurs.