ROBERTSON, Presiding Judge.
This is a workmen’s compensation case.
On May 29, 1990, Chestley Moore filed a complaint in the Circuit Court of Tuscaloosa County, seeking workmen’s compensation benefits based on an injury which, he claims, arose out of and in the course of his employment with Spiller Associated Furniture, Inc. As more fully revealed during ore tenus proceedings held on March 1, 1998, Moore claimed that on July 26, 1989, while stacking sleeper sofas in the line and scope of his employment as a truck driver, loader, and docker at Spiller, he suffered an injury to his back, and that as a result of the injury, he is now permanently disabled. In its answer, Spiller denied that Moore was entitled to worker’s compensation benefits and alleged that he had failed to state a claim upon which relief could be granted.
On March 4, 1993, following an ore tenus proceeding, the trial court entered a judgment in favor of Spiller, denying Moore’s claim for workmen’s compensation benefits. In finding for Spiller, the trial court relied heavily on Moore’s medical records and the deposition testimony of Dr. Phillip K. Bobo, an emergency room physician at the DCH Regional Medical Center who treated Moore following his injury. The trial court found that Moore had “told the emergency room nurse that his back had been hurting for 4-5 months, and he did not know if he had injured it,” and that Moore had “told Dr. Bobo that he had ‘no known injury.’” The trial court also found that although Moore “does have a very serious injury,” it “[was] not reasonably satisfied that the injury was caused by an accident which arose out of and in the [course] of his employment with the defendant.” Thus, the trial court determined that Moore had failed to meet his burden of proof.
On March 30, 1993, Moore filed a motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial, on the grounds that the judgment was against the great weight of the evidence and that Spiller’s original acceptance of his claim for workmen’s compensation benefits estopped it from denying his compensability at trial. The record reflects that on June 24,1993, the *93 parties expressly consented to extend the 90-day period for ruling on Moore’s post-judgment motion until July 23,1993. On July 22, 1993, the trial court entered an order denying Moore’s post-judgment motion.
Moore appeals, contending that the trial court erred in finding that he did not sustain an injury caused by an accident arising out of and in the course of his employment with Spiller and that the trial court erred in denying his motion for a new trial. Our disposition of the first issue pretermits the need to. address the second issue.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991), our supreme court set out the standard for appellaté review of factual findings in a workmen’s compensation case:
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
However, we note that in ore tenus cases, the two-pronged test set forth in Eastwood Foods only applies to our review of the trial court’s findings of fact, not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
In Ex parte Valdez, 636 So.2d 401 (Ala.1994), our supreme court stated that to establish medical causation in a workmen’s compensation case, “the plaintiff need not show that the [work-related] hazard was the sole cause of the employee’s condition, but rather that the hazard was a ‘contributing cause’ of the injury.” 636 So.2d at 405. Further, “a preexisting condition will not affect a workmen’s compensation award if a job-related injury combined with that preexisting condition to produce disability.” Reynolds Metals Co. v. Stults, 532 So.2d 1035, 1038 (Ala.Civ.App.1988). If a previous injury or infirmity has not demonstrated itself as disabling and has not prevented the employee from performing his job in a normal manner, then the pre-existing condition or disability does not disqualify the claim under the “arising out of and in the course of his employment” requirement of the statute. Ex parte Lewis, 469 So.2d 599 (Ala.1985); see also Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985).
After carefully reviewing the record, we hold that the trial court applied the wrong standard in determining medical causation. Therefore, we reverse the judgment of the trial court and remand this cause for the trial court to determine, according to the standards set forth in Valdez and Reynolds Metals Co., whether Moore’s employment at Spiller was a contributing cause to his injury.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., recuses.