YATES, Judge.
This is a workers’ compensation case. On May 30, 1995, Timothy Leslie Jackson sued his employer, Robert Orr/Sysco Food Services Company, Inc. (“Orr”), for an on-the-job injury he sustained on or about June 25, 1993. United Health Care of Alabama, Inc. (“UHC”), Jackson’s employer-sponsored health insurance provider, moved to intervene in December 1996, seeking reimbursement for medical benefits it had paid on behalf of Jackson. A proceeding was held on October 14, 1997, before Judge Drayton James, at which ore tenus evidence was presented; Judge James became seriously ill and died on December 23, 1997, without rendering a decision in this case. The case was subsequently assigned to Judge Marvin Cher-ner, who issued an extensive and detailed order dated July 10, 1998, which reads, in pertinent part:
“By agreement, the parties have submitted this case for decision by Judge Cherner on the transcript of the testimony in the trial before Judge James and all the exhibits admitted in evidence in connection with that trial.
“Certain of the facts related to Jackson’s claim are not in dispute and have been the subject of an agreed stipulation by the parties as follows:
“On June 25, 1993, Jackson fell off or through some steps. At the time Jackson was acting within the scope of his employment with [Orr]. His average weekly wage was $700.00. [Orr] has paid Jackson the sum of $400.00 representing payment of his temporary total disability benefits and has also paid $602.00 of Jackson’s medical expenses. United has paid $32,875.72 on behalf of Jackson for medical treatment and seeks reimbursement from [Orr] for the amount of $24,585.00 which represents the amount paid by United for medical treatment of Jackson’s injuries sustained in the June 25,1993, accident.
“The parties have also agreed to allow in evidence the statement by Dr. David Lindsay, Jackson’s orthopedic surgeon, that he assigned a 30% impairment of the lower extremity as a result of Jackson’s knee injury and a 10% impairment of the upper extremity as a result of Jackson’s left shoulder injury and that the same equates to an 8% whole person impairment for these two injuries.
“It is Jackson’s position in this case that his impairment and the medical expenses claimed by United are related to and caused by his on-the-job injury on June 25,1993.
“It is [Orr’s] position that the pain in his left knee and shoulder resulted from degenerative arthritis occurring as a result of earlier injuries and not as a result of the accident which took place on June 25, 1993. Consequently, [Orr] argues that Jackson is not entitled to recover worker’s compensation benefits for the surgery to his left knee and left shoulder and his resulting impairment because the condition for which those surgeries were performed did not result from his June 25,1993, fall.
“For the reasons set forth in this opinion, this court has concluded that the condition of Jackson’s left knee and left shoulder for which surgery was performed were related to and did arise out of his accident on June 25, 1993, and that Jackson is therefore entitled to recover benefits in this case.
“Jackson was employed by [Orr] as a driver of a truck. He climbed steps to the back of a return trailer in order to lock it. He was standing on the top step when he fell through the steps. His left leg was bent all the way back to his hip. His right leg went straight down.
*510 “Jackson was taken to the emergency-room at St. Vincent’s Hospital.... Jackson had [contusions to his] right knee, ankle, thigh, and head. He complained of pain in his right thigh, knee, and ankle and he also had a severe headache. The notes of the nurse ... indicate that Jackson also complained of pain in his left arm and shoulder.
[[Image here]]
“Jackson was suffering from degenerative arthritis in both his left knee and left shoulder. However, Jackson argues that even though he suffered from the pre-existing condition, the same was aggravated by the June 25,1993 on-the-job accident which combined with the preexisting condition to produce his disability-
“If the on-the-job injury aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the pre-existing disability does not disqualify the claim under the ‘arising out of employment’ requirement of the statute.
[[Image here]]
“Jackson went to work with [Orr] as a truck driver delivering groceries beginning in October 1991. He worked 12- to 16-hour days and testified concerning the delivery of groceries on a two-wheeler. Nevertheless, Jackson carried out the duties of his employment up to and after his June 25, 1993 accident. Therefore, his earlier injuries should not be a bar to recovery of worker’s compensation benefits in this instance unless the condition of his left knee and left shoulder was not made worse or aggravated by the June 25, [1993,] accident.
[[Image here]]
“On the basis of the evidence, this court finds that the June 25, 1993, accident caused the aggravation of the condition already existing in Jackson’s left shoulder and left knee and that Jackson’s condition is therefore one caused by his work related accident.
“While Jackson’s physician has assigned an 8% whole person impairment to Jackson for the two injuries sustained by him, the appropriate procedure is to determine the effect of Jackson’s disability on his ability to earn. On the basis of evidence submitted this court determines that Jackson has sustained a 30% reduction in his earning capacity.... Jackson is also entitled to be paid future benefits ... [and] for past and future medical expenses incurred by him as a result of the accident. The intervenor, United Healthcare, is also due to be reimbursed for the amounts it paid on behalf of Jackson for treatment related to the injuries he received in his accident of June 25,1993.”
(Citations omitted.)
Orr appeals, arguing that the court erred in finding that Jackson was entitled to a 30% vocational disability rating and arguing that the evidence “overwhelmingly established that the permanent injuries to Jackson’s left knee and left shoulder are unrelated to his fall on June 25, 1993.”
When ore tenus evidence is presented, the trial court is afforded a presumption of correctness; however, when the court, as in this instance, “makes its judgment based on the pleadings, exhibits, and briefs, the ore tenus standard’s presumption of correctness does not apply to the trial court’s factual findings and it is the duty of the appellate court to judge the evidence de novo.” Ex parte Horn, 718 So.2d 694, 705 (Ala.1998) (citations omitted).
Because of the date of Jackson’s injury, this case is governed by the new Workers’ Compensation Act. This new Act provides that an appellate court’s review of the proof and its consideration of other legal issues shall be without a presumption of correctness. § 25 — 5—81(e)(1), Ala.Code 1975. It further provides that when an appellate court reviews a trial court’s findings of fact, those findings will not be reversed if they are supported by substan *511 tial evidence. § 25-5-81(e)(2), Ala.Code 1975. Our supreme court “has defined the term ‘substantial evidence,’ as it is used in § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court has also concluded: “The new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
It is undisputed that an on-the-job accident occurred on June 25, 1993, when Jackson fell approximately seven feet, striking his head and shoulder and sustaining injuries that required immediate medical attention. Jackson had been employed by Orr since 1991. At the time of the injury, he was working 12- to 16-hour days. Jackson testified that he complained of pain to his employer immediately after the accident, but that he was cleared by the company doctor to return to work. Jackson further stated that over time the pain in both his leg and his shoulder became progressively worse; that his leg eventually began to “give out” as he walked; that he underwent knee-replacement surgery in 1994, and that he was unable to resume his position after that date; and that he had arthroscopic surgery on his shoulder in 1995. Jackson received medical attention from several doctors following his accident in 1993 and before his two operations in 1994 and 1995. Jackson’s pre-existing injuries and physical condition included the following: an injury to his left knee in 1977 and surgery for that injury in 1980; injuries to his shoulder and neck in 1985, incurred from his fall from a cement truck; and injuries to his left knee and left shoulder in 1987, incurred from a motor vehicle accident. Despite these previous injuries, it is undisputed that at the time of the June 1993 accident, Jackson was performing his duties at full capacity.
The trial court cited Ex parte Lewis, 469 So.2d 599 (Ala.1985), which states, in part,
“‘It is well settled that workmen’s compensation is not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the preexisting disability does not disqualify the claim under the ‘arising out of employment’ requirement of the statute.”
Id. at 601 (citations omitted). We agree with the trial court’s analysis. This court has held that an employee will not be disqualified from receiving disability benefits based on pre-existing conditions, if that employee was performing his job pri- or to an on-the-job injury despite preexisting conditions. See Hypeco, Inc. v. Hawkins, 641 So.2d 802 (Ala.Civ.App.1994); and Moore v. Spiller Associated Furniture, Inc., 646 So.2d 92 (Ala.Civ.App.1994).
After thoroughly reviewing the record, we conclude that the trial court’s findings of fact and conclusions of law are supported by substantial evidence.
AFFIRMED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ„ concur.
THOMPSON, J., concurs in part and dissents in part.